Dull *v.* The People.

---

## Dull *vs.* The People.

The right to peremptory challenges exists where the defendant *may* be punished by imprisonment in a state prison ten years, though the case is one in which the court may impose a shorter period of imprisonment.

Therefore, a person indicted for burglary in the second degree, which is punishable " by imprisonment in a state prison for a term not more than ten years, nor less than five years," is entitled to peremptory challenges.

Error to the Albany oyer and terminer.   The defendant was indicted for burglary in the second degree ; and on the trial he claimed the right to peremptory challenges of the jurors, which was denied by the court ; and having been convicted, and sentenced to imprisonment in the state prison for ten years, he brings error on a bill of exceptions.

*H. G. Wheaton,* for the prisoner.

*A. J. Colvin,* (district attorney,) for the people.

*By the Court,* Bronson, Ch. J.  Burglary in the second degree may be punished " by imprisonment in a state prison for a term not more than ten years, nor less than five years." (2 *R. S.* 669, § 21.)  The right to peremptory challenges exists wherever the prisoner is put on his trial " for an offence *punishable* with death, or imprisonment in a state prison ten years or any longer time." (*Id. p.* 734, § 9.)  The offence for which this man was on trial was " punishable "—was liable or subject to be punished—with " imprisonment in a state prison ten years ;" and so came within the express words of the statute. I understand that several of the courts of oyer and terminer .have construed the statute as only securing the right to peremptory challenges where the imprisonment must be ten years at the least ; and not where, as in this case, it may be for a shorter term.  I have tried to read the statute in the same way ; but have not been able to do so.  And besides, this construction will take away challenges in some cases where the right has heretofore been regarded as unquestionable ; to wit, where the imprisonment may be for more than ten years, or even for life. Manslaughter in the first degree may be punished with imprisonment in a state prison " for a term not less than seven years ;" and mayhem is subject to the same punishment. (2 *R. S.* 662 *to* 664, §§ 20, 27.)  In these cases, the term of imprisonment may be twenty years, or for life ; but as it may also be less than ten years, if we adopt the construction which has been mentioned, the right to peremptory challenges will not exist. For many years prior to 1830, this right was confined to cases where the prisoner was arraigned for a crime " punishable with death, or with imprisonment for life." (1 *K. & R.* 261, § 9 ; 1 *R. L.* 496, § 9.)  In the late revision the language was changed so as to give the right wherever the offence is punishable with imprisonment for " *ten years* or any longer time."  It is evident from this, that the legislature intended to enlarge, not to abridge, the number of cases where there might be peremptory challenges.  And when the punishment may be for life, though it may also be for a shorter period than ten years ; and whenever it may be for ten years, though that be the max-

imum and not the minimum term, the case comes plainly within the words, and, so far as I can see, within the meaning of the statute.

It is true that this gives peremptory challenges in some cases where it may well be doubted whether the right ought to exist; and it may be that the lawmakers did not stop to consider how far-reaching the language employed would prove in its application to particular offences. But these things cannot change the obvious meaning of the statute. We think there was error in denying the peremptory challenges.

Judgment reversed