CASE 118—INDICTMENT—NOVEMBER 17, 1881.

# Commonwealth v. Bruce.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. In cases of house-breaking, which are analogous to burglaries at common law, whether the place of ingress was a part of the house charged to have been broken into, is a question of law for the court, and not a question of fact for the jury.

2. Where there is internal communication between the apartment broken into and the room or building which the accused is charged to have feloniously entered, the offense is complete so far as the act of breaking and entering is concerned.

3. Although a judgment of acquittal in a felony case cannot be reversed, it may be reviewed on the appeal of the commonwealth for the purpose of securing a uniform and correct administration of justice.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The removal of the iron grating was a sufficient breaking to constitute burglary. (2 Wharton on Criminal Law, sec. 1544.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an appeal from a verdict and judgment of acquittal on an indictment for house-breaking, the penalty for which is confinement in the penitentiary from one to five years.

The first question is as to the power of this court to review the rulings of the lower court upon judgment of acquittal in felony cases. It was held in Commonwealth v. Cain, 14 Bush, and we now hold, that such judgments may be reviewed on the appeal of the commonwealth for the purpose of securing a uniform and correct administration of justice, although the judgment cannot be reversed. This we think is the proper construction to be given to sections 335, 337, and 339 of the Criminal Code.

The specification in the indictment is to the effect that appellee broke and entered into a certain store-house with the felonious intent to steal therefrom. The evidence

showed that the accused entered the cellar under the store-
room by removing a grate on the street which gave entrance·
to the cellar.   The evidence further showed that there was:
a communication through a hatch-way to the store, and
that the cellar was used to store goods.

The court instructed the jury, that if they believed, from·
the evidence, that the grating removed by the accused was
not a part of the store-house, they should acquit.   The only
question is as to the correctness of that instruction.

Whether the place of ingress in such cases, which are·
analogous to burglaries at common law, is a part of the
house charged to have been broken into, is a question of
law for the court, and not a question of fact proper to be
submitted to the finding of a jury; and, therefore, if, as a ·
matter of law, the grating removed was a part of the store-
house, it was the duty of the court to tell the jury that
such entry was a breaking within the meaning of the statute.

As a general rule, where there is internal communication
between the room or apartment broken into and the room
or building into which the accused is charged to have felo-
niously entered, such entry completes the offense denounced
by the statute, so far as the act of breaking and entering is
concerned.   (Bishop on Statutory Crimes, sec. 282.)   In
this case there was such internal communication, and the
facts of the case are within the rule stated.

The judgment of the lower court must stand, but the
clerk will certify this opinion as containing the law of the
case.