THE PEOPLE *ex rel.* Cory Miller

*v.*

EDWARD J. MURPHY.

*Opinion filed June 21, 1900.*

185   623
97a  1530

1. CRIMINAL LAW—*Indeterminate Sentence act construed.* One convicted of any crime, except murder and treason, whose punishment has been fixed by the jury at imprisonment in the penitentiary, is within the operation of the Indeterminate Sentence act of 1895, (Laws of 1895, p. 158,) notwithstanding the statute provides for an alternative punishment for such crime by imposing a fine.

2. SAME—*judgment of conviction need not set forth manner of applying parole law.* It is not necessary to the validity of a judgment of conviction that the mode and manner of applying the provisions of the Indeterminate Sentence act with reference to the parole and discharge of the defendant shall be set forth therein, and anything contained in a judgment concerning the discharge of the defendant from the penitentiary is surplusage.

ORIGINAL petition for *habeas corpus.*

FREDERICK S. BAKER, for the relator.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and FERDINAND L. BARNETT, for the respondent.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This is a petition praying that a writ of *habeas corpus* issue out of this court commanding Edward J. Murphy, warden of the Illinois State penitentiary at Joliet, to produce one Cory Miller (an inmate of said penitentiary) before this court. It appears from the allegations of the petition the said Cory Miller was on the third day of February, 1898, placed on trial in the criminal court of Cook county under an indictment returned by the grand jury of said Cook county, charging that said Miller and another did feloniously, unlawfully and wickedly con-

spire, combine, confederate and agree together, in the peace of the people, etc., unlawfully, willfully, feloniously and of their malice aforethought to make an assault upon and kill and murder one Charles G. Meyer, etc.; that the jury to whom said cause was submitted returned the following verdict: "We, the jury, find the defendant, Cory Miller, guilty of conspiracy in manner and form charged in the indictment, and we fix the punishment of the said defendant, Cory Miller, at imprisonment in the penitentiary; and we further find, from the evidence, that the said defendant, Cory Miller, is not between the age of ten (10) and twenty-one (21) years, and that he is about the age of forty years;" that a motion entered on behalf of said Miller for a new trial and in arrest of the judgment were each overruled and sentence was pronounced by the court on the verdict, and that the judgment of conviction entered in said cause in said court is as follows: "Therefore, it is ordered and adjudged by the court that the said defendant, Cory Miller, *alias*, be and he hereby is sentenced to the penitentiary of this State at Joliet for the crime of conspiracy, whereof he stands convicted; and it is further ordered and adjudged that the said defendant, Cory Miller, be taken from the bar of the court to the common jail of Cook county, and from thence by the sheriff of Cook county to the penitentiary of this State at Joliet, and be delivered to the warden or keeper of said penitentiary; and the said warden or keeper is hereby required and commanded to take the body of the said defendant, Cory Miller, and confine him in said penitentiary, in safe and secure custody, from and after the delivery thereof until discharged by the State Board of Pardons, as authorized and directed by law, provided such term of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which the said defendant was convicted and sentenced." The petition further alleged that said Miller, under this judgment of conviction, was committed to the peniten-

tiary at Joliet, and that he is now detained in such penitentiary by the said warden thereof.

The indictment constituted a charge of conspiracy under the provisions of section 46 of the Criminal Code, (Hurd's Stat. 1897, p. 553,) which section provides that any one convicted of offending against its provisions shall be "imprisoned in the penitentiary not exceeding five years, or fined not exceeding $2000, or both." It was under this section the said Miller was tried and convicted, and sentenced to be imprisoned in the penitentiary for an undetermined period.

Waiving, for the purposes of deciding the prayer of this petition, the question whether the said Miller should resort to a writ of error to bring the judgment of conviction before a court of review, we proceed to consider the contention of the petitioner that the verdict and judgment are void and his detention thereunder is unauthorized by law. Two grounds are presented in support of the contention:

*First*—That the act entitled "An act in relation to the sentence of persons convicted of crime and providing for a system of parole," affirmed June 15, 1895, has application only to persons convicted of such crimes as are punishable (to quote the language of counsel for the petitioner) "absolutely by imprisonment in the penitentiary," and has no application to this petitioner, who was convicted of an offense which is punishable either by imprisonment in the penitentiary, or by a fine, or by both.

*Second*—That this court held in *George* v. *People*, 167 Ill. 447, the board of penitentiary commissioners, who, as petitioner insists, were possessed substantially of the powers now possessed by the State Board of Pardons, were without power to "discharge a prisoner" from the penitentiary, and therefore that the judgment of conviction was void for the reason it adjudged the petitioner should be confined in the penitentiary at Joliet "until discharged

by the State Board of Pardons, as authorized and directed by law."

Neither of these positions is sound. Section 1 of the act in question (Hurd's Stat. 1897, Crim. Code, par. 498,) provides: "That every person over twenty-one years of age, who shall be convicted of a felony or other crime punishable by imprisonment in the penitentiary, excepting treason and murder, shall be sentenced to the penitentiary, but the court imposing such sentence shall not fix the limit or duration of the sentence." The word "punishable" means not must be so punished, but liable to be so punished or may be so punished. Such is the meaning given the word by legal lexicographers, (Anderson's Law Dic. p. 846; Bouvier's Law Dic. "Punishable;") and the word was defined to mean "liable to punishment" in *Commonwealth* v. *Pemberton*, 118 Mass. 36, and to mean "may be punished" in *State* v. *Watkins*, 7 Sandf. 94, and to mean not "must" but "may" be so punished in *State* v. *Nuemer*, 49 Conn. 233, and *Miller* v. *State*, 58 Ga. 200. In 19 Am. & Eng. Ency. of Law, p. 568, in defining the word "punishable" it is said: "If an offense may be punished by a certain penalty it is punishable by such penalty, although, at the discretion of the court or under different circumstances, other penalties may be imposed. Its meaning is not restricted to such an offense as must be so punished." In *In re Mills*, 135 U. S. 263, the words "punishable by imprisonment at hard labor," employed in the act of Congress approved March 1, 1889, defining the criminal jurisdiction of a United States court in the Indian Territory, were interpreted to embrace offenses which, although not imperatively required by statute to be so punished, might be punished in that manner.

The purpose of the enactment establishing the system of indeterminate sentences and paroles is the amelioration of the conditions of persons confined in the penitentiaries of the State, and its beneficial operation should not be restricted by mere construction. The phrase "crime

punishable by imprisonment in the penitentiary," etc., employed in the first section of the act, we construe to embrace every crime (except treason and murder) which, though not a felony, may be punished by imprisonment in the penitentiary, and not to mean only such offenses as must absolutely be so punished. It is true, as held by this court in *Lamkin* v. *People*, 94 Ill. 501, and other cases, the crime of which the petitioner, Miller, was convicted is a misdemeanor, but the question whether the act establishing the "parole system" or system of indeterminate sentences applies to him as a convict in the penitentiary does not depend upon the mere classification of the offense as a misdemeanor. The statute affixes punishment by imprisonment in the penitentiary as one mode of punishment which may be inflicted for the perpetration of the crime of which the petitioner is convicted. The crime is, therefore, one which is "liable to" or "may be" punished by such imprisonment,—that is, is a crime punishable in that manner. Though but a misdemeanor, it was lawful for the jury to determine that the petitioner should be punished by imprisonment in the penitentiary. That the jury might have determined the imposition of a fine would answer the demands of justice has no effect to remove the petitioner from the class of convicts who are entitled to the beneficial operation of the parole system. That the offense is classed as a misdemeanor is not the test of the application of the statute relating to indeterminate sentences, but whether the crime is punishable by imprisonment in the penitentiary. If the crime may be punished by that character of imprisonment and the perpetrator of the offense is condemned to suffer that mode of punishment, the act in question applies to the case and determines the course to be pursued by the jury and by the court in fixing his punishment, though the crime be but a misdemeanor.

The second ground advanced to justify the award of the writ is not tenable. It is not necessary to the validity

of the judgment of conviction the mode and manner of the application of the provisions of the act with reference to the parole or discharge of the defendant shall be set forth in the judgment. All that is contained in the judgment with reference to the discharge of the petitioner from the penitentiary is surplusage, and neither adds to nor detracts from the right of the petitioner, as a convict, to the full operation of the statute in his behalf.

The petition does not disclose a case entitling the petitioner to a writ of *habeas corpus*.        *Writ denied.*