# UNITED STATES v. EVANS.

CRIMINAL LAW; MURDER; ROBBERY; IMPRISONMENT; INFAMOUS CRIMES; STATUTES.

1. The words "punishable by imprisonment in the penitentiary," in D. C. Code, sec. 798 (31 Stat. at L. 1321, chap. 854), providing that one who kills another while "perpetrating or in attempting to perpetrate any offense punishable by imprisonment in the penitentiary" is guilty of murder, do not mean an offense that only can be punished by such imprisonment, but include such as may be so punished.

2. Robbery remains an infamous crime, as at common law, notwithstanding it may be punished, within the trial court's discretion, by imprisonment in the jail, as in the case of a simple misdemeanor.

3. In determining whether a crime be infamous within the meaning of the Constitution, the question is whether it is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one.

4. An indictment for murder while committing robbery, under a statute providing that one who kills another in perpetrating any offense punishable by imprisonment in the penitentiary is guilty of murder, is not demurrable on the ground that robbery is not punishable by such imprisonment, where other statutes punish robbery by imprisonment

for not less than six months or more than fifteen years, and provide for jail imprisonment where the sentence is for more than six months and not exceeding a year and for imprisonment in the penitentiary where it exceeds a year. (Construing D. C. Code, secs. 798, 810, and 934, 31 Stat. at L. 1321, 1322 and 1341, chap. 854.)

No. 1703.  Submitted October 16, 1906.  Decided November 7, 1906.

HEARING on an appeal by the United States from a judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to an indictment for murder.          *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the United States from a judgment sustaining a demurrer to an indictment for murder.

By way of inducement to the presentment, the indictment charged the defendants, Charles R. Evans and Harry J. O'-Donnell, with robbing one Maurice J. Halloran of certain articles of property, and attempting to rob him of others, on February 1, 1901; and then proceeded to charge that on said date, in perpetrating and attempting to perpetrate the said offense of robbery, the defendants "feloniously, wilfully, purposely, and of their malice aforethought" did make an assault upon the said Halloran; and with a certain piece of wood held in the hands of said Charles R. Evans, "feloniously, wilfully, and of their malice aforethought," did strike and wound the said Halloran upon the head, inflicting a mortal wound from the effects of which he died on February 14, 1906.  The final presentment was that the defendants, "him, the said Maurice J. Halloran, in the manner and form aforesaid, feloniously, wilfully, purposely, and of their malice aforethought, did kill and murder; against the form of the statute in such case made and provided," etc.

The indictment is founded on section 798 of the Code [31 Stat. at L. 1321, chap. 854], which defines murder in the first degree as follows:  "Whoever, being of sound memory and discretion, purposely, and either of deliberate and premeditated

malice or by means of poison, or in perpetrating or in attempting to perpetrate any offense punishable by imprisonment in the penitentiary, kills another, is guilty of murder in the first degree."

Section 810 of the Code [31 Stat. at L. 1322, chap. 854] provides that one convicted of the offense of robbery "shall suffer imprisonment for not less than six months nor more than fifteen years." It will be observed that the place of imprisonment is not designated. Section 934 [31 Stat. at L. 1341, chap. 854], however, provides that where one is sentenced to imprisonment for a term not exceeding six months the imprisonment shall be in either the workhouse or the jail; if the time be longer than six months and not longer than one year it shall be in the jail; but if longer than one year the imprisonment shall be in the penitentiary.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Charles H. Turner* and *Mr. Jesse C. Adkins,* Assistants, for the United States, appellants.

*Mr. Thomas C. Taylor* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The ground upon which the demurrer was sustained is that robbery is not an "offense punishable by imprisonment in the penitentiary," within the meaning of section 798 above quoted.

We are of the opinion that this construction is erroneous.

The words, "punishable by imprisonment in the penitentiary," do not mean an offense that can only be punished by such imprisonment, but include such as may be so punished.

Robbery remains an infamous crime at common law, notwithstanding it may be punished, within the discretion of the trial court, by imprisonment in the jail, as in the case of a simple misdemeanor. Hence, prosecutions for robbery must be

by indictment in all cases; for in determining whether a crime be infamous within the meaning of the Constitution, "the question is whether it is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one." *Ex parte Wilson,* 114 U. S. 417, 426, 29 L. ed. 89, 92, 5 Sup. Ct. Rep. 935; *Mackin* v. *United States,* 117 U. S. 348, 352, 29 L. ed 909, 911, 6 Sup. Ct. Rep. 777.

The principle governing the above cases has been applied by the same court in later cases, which, in our opinion, settle the question now under consideration. *Re Mills,* 135 U. S. 263, 266, 34 L. ed. 107, 108, 10 Sup. Ct. Rep. 762; *Re Mayfield,* 141 U. S. 107, 114, 35 L. ed. 635, 637, 11 Sup. Ct. Rep. 939; *United States* v. *Pridgeon,* 153 U. S. 48, 61, 38 L. ed. 631, 636, 14 Sup. Ct. Rep. 746.

In the case of *Re Mills,* the applicant for the writ of habeas corpus had been convicted and sentenced by the district court of the western district of Arkansas, which had been invested with jurisdiction over all offenses committed in the Indian Territory. On May 1, 1889, an act of Congress established a United States court in and for that Territory, conferring upon it exclusive jurisdiction "over all offenses against the laws of the United States committed within the Indian Territory as in this act defined, not punishable by death or by imprisonment at hard labor." [25 Stat. at L. 783, chap. 333, § 5.] The offense of which Mills had been convicted was that of retailing liquor in the Indian Territory, for which he could be punished, under the statute creating the offense, by "fine of not less than $1,000 nor more than $5,000," and be imprisoned not less than six months nor more than two years." The contention that the jurisdiction of this offense had been taken away from the Arkansas district court, and conferred upon the court in the Indian Territory, was expressly denied. Mr. Justice Harlan, who delivered the opinion of the court, said: "An offense which the statute imperatively requires to be punished by imprisonment 'at hard labor,' and one that must be punished by

'imprisonment,' but the sentence to which imprisonment the court may, in certain cases and in its discretion, require to be executed in a penitentiary where hard labor is prescribed for convicts, are each 'punishable' by imprisonment at hard labor. The former offense certainly must be thus punished; and as the latter may, in the discretion of the court, be so punished, it may also, and not unreasonably, be held to be 'punishable' by imprisonment at hard labor." After discussing the cases of Wilson and Mackin, *supra*, and others, it was finally said: "These considerations justify us in holding, as we do, that the words 'punishable * * * by imprisonment at hard labor,' in the act of March 1, 1889, embrace offenses which, although not imperatively required by statute to be so punished, may, in the discretion of the court, be punished by imprisonment in a penitentiary."

It may be added, also, that the very question presented here has been determined in the same way by the supreme judicial court of Massachusetts (*Com.* v. *Pemberton,* 118 Mass. 36, 42), as will appear from the following extract from the opinion therein delivered: "By our law, murder, 'committed in the commission of, or attempt to commit, any crime punishable with death or imprisonment for life, is murder in the first degree.' Gen. Stat. chap. 160, §1. The crime defined in section 24 of the same chapter, and of which the evidence tended to show that the defendant was guilty at the time of the homicide, is punishable with imprisonment for life, or any term of years. The expression, 'punishable with imprisonment for life,' is broad enough to include every crime for which, on conviction, the guilty party is liable to such imprisonment. It cannot receive a narrower construction without doing violence to its terms. 'Punishable' means liable to punishment." · See also *Com.* v. *Chance,* 174 Mass. 245, 253, 75 Am. St. Rep. 306, 54 N. E. 551; *State* v. *Smith,* 32 Me. 369, 372, 54 Am. Dec. 578; *State* v. *Neuner,* 49 Conn. 232, 233; *Dull* v. *People,* 4 Denio, 91, 92; *People ex rel. Miller* v. *Murphy,* 185 Ill. 623, 626, 57 N. E. 820.

There is nothing reasonable in the appellee's contention that the foregoing decisions are not in point because section 810 of the Code does not expressly provide that the imprisonment for fifteen years, which the court may, in its discretion, impose upon conviction of the offense of robbery, shall be in the penitentiary. Section 934 provides generally that where the sentence on any conviction is for a term exceeding one year the imprisonment shall be in the penitentiary; and applies to section 810 as directly as if it had been incorporated therein. *Re Mills,* 135 U. S. 263, 269, 34 L. ed. 107, 110, 10 Sup. Ct. Rep. 762; *Re Mayfield, supra; Fields* v. *United States,* 27 App. D. C. 433, 450.

For the reasons given, the judgment will be reversed, and the case remanded for further proceedings in conformity with this opinion.                                    *Reversed.*