'Argued May 2, decided May 23, 1916.

## STATE *v.* HAMILTON.*

(157 Pac. 796.)

**Criminal Law—Order of Proof—Rebuttal.**

1. Defendant, who, prior to Christmas, 1915, had been an employee in a drug-store, returned in January, 1916, after leaving his employment, and directed the clerk in charge to place a box containing beer outside the rear door that evening. The clerk did so, and the box was removed by a third person. Upon prosecution, defendant contended that the beer had been sold to the party removing it before the first of the year, and that it was agreed that he might remove the beer at his convenience. *Held*, that testimony that the beer was not in the drug-store at the time of the alleged sale was admissible in rebuttal, and should not be rejected on the theory that it should have been introduced in chief.

**Criminal Law—Instructions—Cautions.**

2. In a prosecution for illegally selling intoxicants, an instruction in the nature of a caution, directing the jury that they should not allow the charge to in any way bias their judgment, but should consider only the evidence, keeping in mind the presumption of innocence, although coupled with others presenting accused's theory of the case, was not error.

**Intoxicating Liquors—Offenses—Burden of Proof.**

3. Under Prohibition Act of 1915 (Laws 1915, p. 169), Section 39, declaring that in prosecutions for selling intoxicating liquor, if delivery of the liquor be shown, it shall not be necessary to prove payment, but delivery shall be *prima facie* evidence of a sale, the burden of proving there was no sale is thrown upon accused when the state establishes delivery.

---

*Authorities on the question of right of court to caution jury as to believing testimony of accused in his own behalf are gathered in a comprehensive note in 19 L. R. A. (N. S.) 802. And as to power of legislature to make possession of intoxicating liquor *prima facie* evidence of an attempt to violate the law against illegal sales, see note in 1 L. R. A. (N. S.) 626. REPORTER.

Criminal Law—Trial—Instructions.

4. In a criminal prosecution, instructions submitting theories of guilt which were not included in the indictment cannot be considered.

Appeal and Error—Appeal by State in Criminal Case—Final Order.

5. Section 557, L. O. L., provides that upon an appeal the appellate court may affirm, reverse or modify the judgment appealed from, in the respect mentioned in the notice of appeal. Article I, Section 12, of the Constitution, provides that no person shall be put in jeopardy twice for the same offense. Oregon Prohibition Act (Laws 1915, Chap. 141, p. 167), Section 34, provides the state may appeal to the Supreme Court in cases arising under the act upon a judgment of acquittal, entered upon a verdict, for the purpose of determining questions of law, but not for the purpose of a new trial. *Held*, in an appeal by the state from a judgment of acquittal in the Circuit Court, upon a charge under the Prohibition Act, that notwithstanding reversible error was committed by the Circuit Court, no final order of affirmance, reversal or modification would be made, since there can be no new trial.

[As to whether new trial can be granted to the state in a criminal case, see notes in 27 Am. Dec. 471; 48 Am. St. Rep. 213.]

From Union: JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

In February, 1916, Will Hamilton was indicted upon a charge of illegally selling intoxicating liquor on January 24, 1916. On February 14, 1916, he was tried by a jury, who returned a verdict of acquittal. Under the provisions of Section 34, Chapter 141, of the Laws of 1915, plaintiff appeals.   No FINAL ORDER MADE.

For appellant, the State of Oregon, there was a brief over the names of *Mr. Colon R. Eberhard,* District Attorney, and *Mr. George M. Brown,* Attorney General, with an oral argument by *Mr. Eberhard.*

No appearance for the Respondent.

MR. JUSTICE BENSON delivered the opinion of the court.

The prohibition law enacted by the legislature in 1915 contains in Section 34 thereof the following provision:

"An appeal to the Supreme Court may be taken by the state from the judgment or order of the Circuit Court in all cases arising under this act, upon a judgment for the defendant quashing the indictment, or upon a judgment of acquittal entered on a verdict, whether ordered by the court or otherwise, for the purpose of determining questions of law, but not for the purpose of obtaining a new trial; but nothing in this section contained shall be construed to abridge any right of appeal which the state may have otherwise under the criminal laws of this state": Laws 1915, p. 167.

Under this clause of the statute the district attorney prosecutes this appeal for the purpose of obtaining a ruling of this court upon certain questions of the law arising upon the trial, and we shall consider these in the order in which they are presented in appellant's brief, observing that there is no appearance here for the defendant.

1. The plaintiff's testimony, which is practically undisputed, is to the effect that the defendant has been, prior to Christmas, 1915, an employee in a certain drug-store in La Grande; that about that time he gave up his position; that on January 24th he entered the drug-store and had a conversation with an employee there, to whom he gave directions to get out a certain box containing bottled beer, which was then in the basement, and at 8 P. M. to place it outside the rear door of the store; and that the boy did so, and shortly thereafter one Pat Burns was seen transporting the box and its contents down the street, and was overtaken by a policeman, who seized the liquor and kept it in his possession until the time of the trial. The defense was to the effect that defendant had sold the beer to Burns some 10 days before the 1st of January, to be taken away from the drug-store at his convenience. Upon rebuttal plaintiff offered evidence tending to

prove that the beer was not in the basement at the time fixed by the defense as the date of the sale; the court evidently regarding it as testimony which plaintiff should have offered in making his direct case. This was clearly error, since the evidence of the defendant, seeking to fix the date of the sale at a time prior to the effectiveness of the prohibition law, was an affirmative defense which the plaintiff was entitled to overcome by rebutting testimony.

2. The next contention of plaintiff is that the court erred in giving to the jury the following instruction:

"You must not allow the nature of the charge to in any way sway or bias your judgment in your deliberations upon a verdict. You must look alone to the evidence of this case, and from it make your decision. The defendant is entitled to your calm, unbiased and deliberate judgment upon the truthfulness of the charge against him. He is presumed by the law to be innocent, and this presumption is evidence in his behalf, and protects him from a conviction until his guilt is established beyond a reasonable doubt. If, therefore, you have a reasonable doubt of the defendant's guilt, after a careful and unbiased consideration of all of the evidence in the case, you must resolve that doubt in his favor, and return a verdict of not guilty."

This is an instruction in the nature of a caution to the jury, and while the court was under no special obligation to give it, it correctly states the law, and does not involve error. It is also complained that this instruction, when considered with several others, all of which are correct statements of the law, repeats and unduly emphasizes defendant's theory of the case. The instructions referred to are possibly subject to criticism, but we have not found any authorities holding that a reiteration of correct legal principles pertinent to the issues constitutes reversible error.

3. Plaintiff asked the court to instruct the jury as follows:

"I instruct you that the statute provides that in all prosecutions for selling intoxicating liquor, if delivery of such liquor be proved, it shall not be necessary to prove payment, but such delivery shall be *prima facie* evidence of such sale. *Prima facie* evidence, I instruct you, is that degree of proof which, unexplained and uncontradicted is alone sufficient to establish the act charged. If the state has established from the evidence beyond a reasonable doubt that the defendant delivered, or caused to be delivered, intoxicating liquor on the date named in the indictment, or on any day since January 1, 1916, to Patrick Burns, as therein alleged, then I instruct you that the burden of showing that transaction was not a sale is upon the defendant. You are to consider such fact of delivery, if any, together with all the evidence produced by both sides, including the explanation of the defendant and any' presumptions, and if, in the light of the instructions of the court, after considering the same, you believe that the state has shown from the evidence beyond a reasonable doubt that the defendant committed the acts charged; you will find him guilty as charged; but if you then entertain a reasonable doubt as to his guilt, you will acquit him."

This statement of the law is based upon a clause of the act of 1915, occurring in Section 39, which reads thus:

"In all prosecutions for selling intoxicating liquor, if delivery of such liquor be proved, it shall not be necessary to prove a payment but such delivery shall be *prima facie* evidence of such sale."

The apparent objection of the learned trial court to this instruction evidently arises from the statement therein that after proof of delivery the burden rests upon the defendant to show that it was not in fact a sale. There are very many respectable authorities

which hold that in a criminal case the burden of proof is never shifted to the defendant, and many able and conservative jurists are quite earnest in their protest against such doctrine. However, the matter has been definitely settled in this state that there are conditions under which the burden of proof may rest upon the defendant. In the case of *State* v. *Kline,* 50 Or. 426, 432 (93 Pac. 237, 240), this court, speaking by Mr. Chief Justice Moore, says:

"*Prima facie* evidence is that degree of proof which, unexplained or uncontradicted, is alone sufficient to establish the truth of a legal principle [question of fact] asserted by a party: 1 Jones, Evidence, § 7. The provision of the law quoted casts upon a party to a criminal action, who is charged with violating the terms of the local option enactment, the burden of overthrowing such *prima facie* proof. * * The rule which imposes upon a defendant the burden of proof in a prosecution for a statutory crime does not violate any vested right which he possesses: 12 Cyc. 380."

In *State* v. *Fisher,* 53 Or. 38, 44 (98 Pac. 713, 715), Mr. Commissioner Slater says:

"Prior, then, to the amendment of 1907, which added to the statute the words upon which this charge is based, proof of the possession of any of the wild game described therein, during the close season, did not raise a conclusive presumption of guilt against the person charged, but amounted only to making a *prima facie* case that the game was taken or killed during the period when it was unlawful to take or kill it, and shifted the burden upon defendant to show that it was taken or killed when it was lawful to do so."

We conclude, therefore, that the refusal of this instruction was error.

There was no error in refusing plaintiff's instruction No. 2, which related to defendant's knowledge that his alleged acts were unlawful. We find no evidence

whatever in the bill of exceptions upon which to base such a charge.

4. Requested instructions of plaintiff numbered 3 and 4 urge that if the defendant delivered the beer as the agent or messenger of the purchaser, he would be equally guilty, but this position is clearly untenable, since there is no charge of purchasing liquor mentioned in the indictment.

5. Since there can be no new trial in this case, no final order is required.    No Final Order Made.

Mr. Justice Eakin absent.