STATE *v.* BILLUPS.

(Division B.   May 10, 1937.)

[174 So. 50.   No. 32715.]

Wm. H. Maynard, Assistant Attorney-General, for the State.

Means Johnston, of Greenwood, **W. E. Morse**, of Jackson, and **Barbour & Henry**, of Yazoo City, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee, Billups, was indicted in the circuit court of Humphreys county for the crime of conspiring to defraud the state of certain gasoline excise taxes due it. The alleged fraud grew out of a shipment of a car of gasoline from some point in Louisiana to appellee in this state on the 3d day of July, 1935, the car being "PTX—4080." Appellee pleaded immunity from prosecution under the immunity provision of section 26 of the Bill of Rights and section 5340, Code 1930. By agreement a jury was waived, and the court, sitting both as judge and jury, tried the issue, sustained the plea of immunity, and acquitted and discharged the appellee. From that judgment the State appealed under the authority of section 19, Code 1930.

The material facts are without substantial dispute. Under the authority of Senate Resolution No. 21, Session 1936, Senators Watson, Herring, and Cook were appointed a committee to investigate gasoline excise tax evasions. The committee was given power to issue necessary process for witnesses, administer oaths, and do the other things appropriate to carry out the purpose of the resolution. The first meeting of the committee was on February 11, 1936, when a chairman was elected. The appellee is a large distributor of gasoline in this state. His claim of immunity from this prose-

cution is based on what occurred at a meeting of the committee held on the 17th of February, 1936, and subsequently. On that date appellee telegraphed the chairman of the committee as follows: "Notice quite a few of the oil men are appearing before your committee. Would you like to talk to me this afternoon. Wire answer collect." The chairman of the committee telephoned appellee that he could come to Jackson the next day. Accordingly, appellee came to Jackson, appeared before the committee, was sworn and testified. The testimony showed that he appeared before the committee in response to the chairman's telephone message. No subpoena was issued for him. He did not object to testifying; his appearance, therefore, was voluntary. He explained his action in sending the telegram and appearing before the committee at that time by stating that he had to leave the State for some weeks on an absolutely necessary mission; that it had been rumored that he was trying to avoid going before the committee, and he wanted such rumors stopped.

On March 14, 1936, auditors employed by the committee, and authorized to do so, called on appellee at Greenwood, the headquarters of his business, for the production and surrender of his books, to be investigated and used as evidence if needed. He refused to surrender his books, whereupon they were taken away from him by the committee on a subpoena duces tecum, personal service of which subpoena was waived by appellee's attorney. The books went before the committee along with the findings of the committee's auditors. One of the results was this indictment.

It is manifest from the record that the State could not go forward with this prosecution without the evidence furnished by appellee's books; there, and there alone, was found the best evidence as to the date of the shipment and the number of the car of gasoline constituting an essential ingredient of the offense charged in the indictment. This evidence was compelled by appellee's

forced surrender of his books; it was not voluntary. Section 26 of our Bill of Rights provides, among other things, that a defendant in a criminal prosecution "shall not be compelled to give evidence against himself." It seems useless to cite decisions of this court and numerous others in this country (they are all one way) that this means evidence by the defendant out of court as well as in court; it means not only evidence extorted from a defendant by force outside of court, but also evidence obtained from his books and records brought in by process of court. Process of court is compulsion.

There is another ground which sustains the judgment of the court. As shown, this prosecution grew out of a legislative investigation. Section 5340, Code 1930, provides that a person sworn and examined as a witness in such an investigation, "without procurement or contrivance, on his part," shall not be prosecuted criminally or subjected to any penalty or forfeiture on account of any fact or act about which he is required to testify, and that no statement made, or book, document, or paper produced by him shall be competent evidence against him in any criminal prosecution, other than perjury, and that such witness shall not refuse to testify to any fact or produce any book, document, or paper touching which he is examined, on the ground that he thereby will incriminate himself, or that it will tend to disgrace him or render him infamous. It seems plain that this statute, so far as legislative investigations are concerned, goes beyond the immunity provision of the Bill of Rights; it furnishes immunity from criminal prosecution whether the evidence is given voluntarily or as a result of compulsion, provided, if voluntary, it is given "without procurement or contrivance" on the part of the witness. If it could be shown that the witness contrived and procured the giving of his testimony in order to avoid criminal prosecution, he would not be protected. There was no evidence in this case that appellee contrived and procured the giving of the documentary and

oral evidence before the committee with the view of avoiding a criminal prosecution; in fact, the evidence is to the contrary.

There is something said in the briefs as to the right of the State to prosecute this appeal. Section 19, Code 1930, is authority for such appeal. It gives the State, in paragraph 2, the right of appeal, in a criminal case, from a judgment actually acquitting the defendant where a question of law has been decided adversely to the state.

Affirmed.