CITY OF RENO, A MUNICIPAL CORPORATION, PETITIONER, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, THOMAS F. MORAN, JUDGE OF SAID COURT, AND ANGELO BENETTI, RESPONDENTS.

No. 3217

April 5, 1938

78 P. (2d) 101.

*Douglas A. Busey,* City Attorney, for Petitioner:

*Wm. McKnight,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

The respondent, Angelo Benetti, was charged in a complaint filed in the police court of the city of Reno, with violating section 2 of the city ordinance No. 473, by having in his possession, in said city, nine carcasses of swine, the same not having been stamped, branded, and inspected, as required by said ordinance. He pleaded not guilty, was tried and found guilty. An appeal was

taken to the district court, by which he was found not guilty.

The writ of review issued herein has brought up a transcript of the record and proceeding in the action.

■ Respondents contend, as stated in their demurrer and motion to dismiss, that this court is without authority to inquire whether the lower court exceeded its jurisdiction in finding Benetti not guilty, because the question is moot. The contention is based upon the premise that having been found not guilty he cannot be tried again, therefore, there is no controversy between him and the city of Reno. No rule of law is better settled than that courts will not determine moot or abstract questions. There must be a real controversy to engage judicial action. State v. McCullough, 20 Nev. 154, 18 P. 756; Wedekind v. Bell, 26 Nev. 395, 69 P. 612, 99 Am. St. Rep. 704; Pacific L. Co. v. Mason Val. M. C., 39 Nev. 105, 153 P. 431; Ex Parte Ming, 42 Nev. 472, 181 P. 319, 6 A. L. R. 1216; Edwards v. City of Reno, 45 Nev. 135, 137, 198 P. 1090, 1092; California v. San Pablo, etc., Railroad Co., 149 U. S. 308, 13 S. Ct. 876, 878, 37 L. Ed. 747; 1 C. J., p. 1012.

It was stated in Edwards v. City of Reno, supra: "Appellate courts do not give opinions on moot questions or abstract propositions."

In California v. San Pablo, etc., Railroad Co., supra, the principle was thus stated: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controversed in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether

in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

In Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 133, 40 L. Ed. 293, the court declared: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

■ The matter which was in issue in the court below, namely, the guilt or innocence of defendant under the city ordinance, has been disposed of by the judgment of the district court. Petitioner concedes that it may not again be put in issue because the defendant cannot be retried upon said charge. There is, therefore, no controversy between defendant and the city of Reno to be determined by this court.

■ Petitioner calls attention to sections 11084 and 11091 N. C. L. By the former the state may appeal in a criminal action, and by the latter such appeal shall in no case stay or affect the operation of a judgment in favor of a defendant, with certain exceptions. Petitioner contends, therefore, that in such a case where the judgment is of acquittal the court necessarily determines a moot question, because the defendant cannot be retried. It may be conceded that such is the effect intended by those statutes, but they have no application here because the action in the court below is not being heard on appeal. We are not empowered to enlarge the scope of those statutes.

The writ is dismissed, and the judgment of the district court is affirmed.