R. FRED COLTON, GEORGE RAYMOND COLTON, JR., AND GORDON COLTON, APPELLANTS *v.* WILLIAM K. MURPHY, EDNA MURPHY, AND ALBIN C. KIRKEBY, RESPONDENTS.

No. 3805

February 16, 1955.                    279 P.2d 1036.

*Harry E. Claiborne,* of Las Vegas, for Appellants.

*Jones and Pursel,* of Las Vegas, for Respondents.

## O P I N I O N

*Per Curiam:*

This is an action brought by respondents to quiet title to mining property located in Clark County. Judgment on the pleadings was entered by the trial court in favor

of respondents based upon the court's decision that appellants had failed properly to create any issue as to their adverse claim. Without seeking amendment of their pleadings in the trial court, this appeal from judgment has been taken by appellants.

Before this court, opening and answering briefs having been filed, appellants neglected to file any reply brief. After 72 days had passed respondents moved to dismiss the appeal upon the ground that it had been abandoned. This motion we denied, deferring until final submission of the appeal any examination of the issues presented by the briefs. Appellants were regarded as having waived right to file a written reply and the matter was thereupon set for oral argument. Counsel have now waived oral argument and stipulated that the matter be submitted upon the opening and answering briefs.

In justification of the action of the trial court, the contentions of respondents as expressed in answering brief appear to have merit and to be supported by authority. Such contentions and supporting authority in substantial part were not anticipated in appellants' opening brief and now stand unchallenged. Under the circumstances such lack of challenge cannot be regarded as unwitting and in our view constitutes a clear concession by appellants that there is merit in respondents' position.

Upon the briefs of counsel, then, no material controversy upon the law has been presented for us to resolve and we shall not conduct an independent search to determine whether, upon any point of law, respondents' position might validly have been disputed by appellants.

Appeal dismissed with costs to respondents.