## THE STATE OF NEVADA, Appellant, *v.* ALEXANDER CORINBLIT, Respondent.

No. 3894

June 19, 1956.

298 P.2d 470.

*Harvey Dickerson,* Attorney General; *George M. Dickerson,* District Attorney, Clark County; *Gordon L. Hawkins,* Deputy District Attorney, Clark County, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal taken by the state from judgment of the trial court dismissing an action against the defendant for the crime of embezzlement.

The dismissal occurred during trial before a jury. After the prosecution had completed its case the court took the case from the jury upon motion of counsel for the defendant and ordered the case dismissed for failure of the state to prove a material element of the crime charged. Upon this appeal the state contends that this action was in violation of sec. 11001, N.C.L.1929, which provides: "If, at any time after the evidence on either side is closed, the court deem the same insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury shall not be bound by such advice, nor must the court for any cause prevent the jury from giving a verdict, except as provided in sections 318, 319, and 320."

Respondent opposes the appeal upon the merits and has also moved its dismissal, in each instance upon the ground that the matter is moot.

By sec. 11091, N.C.L.1929, it is provided that with certain specific exceptions which do not apply here "an appeal taken by the state shall in no case stay or affect the operation of a judgment in favor of the defendant." The state concedes that the defendant has already been placed in jeopardy by the proceedings below and that under sec. 11091 he may not be retried upon the charge involved.

The state contends, notwithstanding that the rights of the parties to this litigation cannot be affected by this appeal, that this court should, nevertheless, proceed to determine the issue of law which the appeal presents. It contends that since the state has expressly been given a right of appeal from final judgment in all criminal cases (sec. 11084, N.C.L.1929), the legislature in effect has expressed a desire that this court undertake to render a decision in all such cases in order that an expression upon the law, in the public interest, might be had.

We agree with that construction. State v. Dulaney, 87 Ark. 17, 112 S.W. 158, 15 Ann.Cas. 192; State v. Laughlin, 171 Ind. 66, 84 N.E. 756; See: City of Reno v. Second Judicial District Court, 58 Nev. 325, 328, 78 P.2d 101; Note, 48 Am.St.Rep. 213. Accord: State v. Van Valkenburg, 60 Ind. 302; State v. Ward, 75 Ia. 637, 36 N.W. 765; Com. v. Bruce, 79 Ky. 560, 3 Ky. Law Rep. 366; State v. Billups, 179 Miss. 352, 174 So. 50; State v. Granville, 45 Ohio St. 264, 12 N.E. 803; State v. Gray, 71 Okl. Cr. 309, 111 P.2d 514; State v. Hamilton, 80 Ore. 562, 157 P. 796; State v. Hows, 31 Utah 168, 87 P. 163; Territory v. Nelson, 2 Wyo. 346. While sec. 11091, N.C.L., limits the effectiveness of an appeal by the state it does not limit or deny its right of appeal, but would seem expressly to recognize the right to exist. The first

sentence of that section reads, "An appeal taken by the state shall in no case stay or affect the operation of a judgment in favor of the defendant * * *." We cannot but regard this as an expression of legislative intent that an appeal may be taken by the state notwithstanding its limited effectiveness. It is legislative intent and not wisdom with which we are here concerned.

The motion to dismiss is denied. Upon the issue presented for determination we hold that, under sec. 11001, N.C.L.1929, the trial court was in error in taking the case from the jury. People v. Roberts, 114 Cal. 67, 45 P. 1016.

The question of the constitutionality of legislation imposing upon this court advisory duties in moot criminal appeals has not been presented to this court. No implication of determination upon that question is to be drawn from this decision.

As notice of our action, IT IS ORDERED that remittitur issue to the court below setting forth our declaration of error.

EATHER, J., concurs.

---

BADT, J. (dissenting):

The question raised by the motion to dismiss the state's appeal is whether or not this court should rule upon the asserted error of the trial court in dismissing an action against the defendant for the crime of embezzlement, despite the fact that the question is moot; whether, despite the fact that it is moot, we should rule upon the point raised, in the public interest and for the guidance of future criminal trials in the district courts. I am of the opinion that the appeal should be dismissed.

The majority opinion relies upon the provisions of

sec. 11084, N.C.L.1929, reading as follows: "The party aggrieved in a criminal action, whether the party be the state or the defendant, may appeal as follows: * * * 2. To the supreme court from a final judgment of the district court in all criminal cases. Also, from an order of the district court allowing a demurrer or granting or refusing a new trial." It further asserts that the generality of the language in that section is emphasized by the language contained in sec. 11091 to the effect that an appeal by the state shall not affect the operation of a judgment in favor of the defendant except on appeals from orders sustaining a demurrer to the indictment or granting a motion in arrest of judgment or granting a motion for new trial. It asserts that the meaning of this language is that appeals may be taken from the judgment, questioning intermediate rulings of the court, in which the judgment is in nowise affected.

In rejecting this view I call attention to the following: Sections 11084, to and including sec. 11105, are the sections comprising chapter 38, which governs appeals in criminal actions. This chapter forms a part of the criminal practice act, which in itself contains 678 sections as passed by the legislature in 1911, written into the Revised Laws of 1912, and subsequently into the Compiled Laws of 1929, subject to sundry amendments. Section 11084 must of course be construed in connection with other sections of the criminal practice act and particularly chapter 38 governing appeals.

It will first be noted that the state may appeal only if it is an aggrieved party. One may seriously question whether the state has been aggrieved when all it seeks is a clarification of the law. An aggrieved person is one whose rights are in any respect concluded by the judgment. Afriat v. Afriat, 61 Nev. 321, 117 P.2d 83, 119 P.2d 883. The state does not assert that an essential element of the crime of embezzlement was not lacking in the case. It is not aggrieved by the lack of a conviction of defendant, but complains of an erroneous dismissal instead of the court's advising the jury to acquit.

Nor does sec. 11087 help the construction given by the majority opinion. It reads: "Upon the appeal, any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed." This simply follows our general theory of practice in both civil and criminal appeals. Intermediate orders and proceedings not specifically made appealable by statute, may be reviewed only on appeal from the judgment.

Section 11096 gives appeals in criminal cases priority. This unquestionably is for the purpose of avoiding delay in the final determination of criminal cases. It has no reasonable application to any necessity for haste in determining abstract questions of criminal law.

Section 11097 forbids a reversal without argument, whether orally or upon written brief, though the respondent fail to appear. It is quite patent that the respondent would never have appeared in this appeal had it not been for the contention in the state's opening brief that the state was entitled to a reversal and to a remand for a new trial. It was not until the oral argument that the state conceded that in no event could respondent be subjected to another trial.

Sections 11100 and 11101 in particular, however, limit the generality of the words of sec. 11084. They read as follows: "After hearing the appeal, the court shall give judgment without regard to technical error or defect which does not affect the substantial rights of the parties." This refers of course to the parties to the litigation. No substantial right of either of the parties can be affected by a decision or opinion whose sole purpose is to declare a matter of abstract law for future guidance.

Section 11101 is entitled "Power of appellate court" and reads as follows: "The appellate court may reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial."

The state contends, and the majority of the court agree, that the power of the appellate court is thus defined with relation only to appeals aimed at affecting

the judgment itself, and has no reference to the general right of the state to appeal "from a final judgment of the district court in all criminal cases" as granted by sec. 11084. I cannot agree with that view. If sec. 11084 must be read in connection with sec. 11101, as I think must be conceded, then the latter section limits the power of the appellate court on appeal to reversal, affirmance or modification of the judgment, with remand for new trial if necessary. We may not add to sec. 11101, without judicial legislation, the additional power of rendering opinions and decisions on moot questions of law, affecting neither the judgment nor any substantial rights of the parties, for the purpose of clarifying the law for guidance of the district courts in future cases. Whether such practice would be advisable, or whether, if deemed advisable, and so enacted by the legislature, such administrative function would be constitutional, is not for us to consider.

In State v. Pray, 30 Nev. 206, 94 P. 218, 220, Pray was convicted of receiving stolen goods, fined $1,000 and entered into a stipulation with the district attorney that the fine should be held pending appeal and, if a reversal was obtained, should be returned to him. This court, on motion, dismissed Pray's appeal. It first found it unnecessary to pass on the question whether a voluntary satisfaction of a judgment waives the right of appeal—there being authorities both ways.

It should first be noted that this was not a state's appeal but an appeal by the defendant. This court quotes 2 Cyc. 647 as follows: " 'Where an order appealed from is of such a nature that its execution has left nothing upon which a judgment of reversal can operate, the appeal will be dismissed, unless such right was specially reserved.' * * *." It then proceeds: "The Supreme Court of the United States in the case of Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293, said: 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot

questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' "

Even under the declaratory judgment act under which we held that the door "was opened to the 'adjudication of innumerable complaints and controversies not theretofore capable of judicial relief' " we made it clear that there must be, (1) a judiciable controversy, (2) between persons whose interests are adverse, (3) that the parties seeking relief must have a legally protectible interest and, (4) that the issue involved must be ripe for judicial determination. Kress v. Corey, 65 Nev. 1, 189 P.2d 352, 364.

The highest authority in the land has emphasized the vice of hearing an appeal by the state where the defendant has been freed from further prosecution. In United States v. Evans, 213 U.S. 297, 299, 29 S.Ct. 507, 508, 53 L.Ed. 803, an appeal by the United States, pursuant to statute (subject to the provision that a verdict in favor of the defendant might not be set aside), in quashing a writ of certiorari by reason of the construction of the act of Congress involved, Mr. Chief Justice Fuller, speaking for the court, said, quoting Mr. Chief Justice Shepard in the same case below, 28 App. D.C. 264: " 'The appellee in such a case, having been freed from further prosecution by the verdict in his favor, has no interest in the question that may be determined in the proceedings on appeal, and may not even appear. Nor can his appearance be enforced. Without opposing argument, which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard

on all questions affecting their rights, and it is a harsh rule that would bind them by decisions made in what are practically "moot" cases, where opposing views have not been presented.' "

Conceding the right of the majority of the court to accord great weight to the generality of the language of sec. 11084 and to the asserted implication arising out of the language of sec. 11091, it nonetheless appears clear to me from the purport of the other sections above discussed that the most that can be said is that a state of confusion exists. If the legislature has thus left the subject confused, then in my opinion we should, for a number of valid reasons, refrain from resolving this confusion in the manner adopted by the majority of the court. It is contrary to the uninterrupted rejection by this and virtually all other appellate courts of the determination of moot and academic questions, the consistent application of such rule to criminal as well as civil appeals, the contemplation of our statute that only an aggrieved party may appeal, the actual spelling out of what this court may do in criminal appeals, the rule of this court as enunciated in State v. Pray, supra.

There are practical, material and realistic reasons why (if at the best the sections of the statute are in a state of confusion) the court's conclusion should not, in my opinion prevail. On such appeals by the state it must be conceded that the respondent, the dismissed or acquitted defendant, will not appear. We shall have an appeal argued by the appellant only. See the characterization of such a situation in United States v. Evans, supra.

This court would then be compelled to initiate, pursue and carry to a conclusion its own complete investigation of the law upon the question raised—possibly such a serious question as the constitutionality of a statute. We are traditionally opposed to conducting such independent search. See Colton v. Murphy, 71 Nev. 71, 279 P.2d 1036. We should be confronted with the necessity of appointing amicus curiae and thus imposing upon

the leaders of the profession in this state arduous tasks without compensation.[1] I cannot feel that the statutes in question were intended by the legislature to have such result.

One can envisage still another undesirable result of the ruling. Every time a district attorney of some county in this state, personally offended by an acquittal or by conviction of a lesser degree of offense than he had sought at the hands of the jury, who felt that the court had erred in some ruling on evidence or in its giving or refusing to give some particular instruction to the jury, could prosecute an appeal to this court—to what end?

We cannot resist a final comment which, though it may not indicate what action this court should or should not take, is not without significance. In the eighty-odd years since the criminal practice act has been on the books, there is no record in this court that any attorney general of this state or any district attorney in any county in this state ever prosecuted an appeal to this court under the theory here advanced. It is of greater significance that in every criminal appeal decided by this court it has confined itself to the exercise of the power limited by sec. 11101 in that it has reversed the judgment appealed from, affirmed it or modified it, and has in proper cases ordered a new trial. It has never on such appeal made a "declaration of error."

It is said that this court in City of Reno v. District Court, 58 Nev. 325, 78 P.2d 101, 102, held (though concededly as dictum) that the deciding of moot cases by this court "is the effect intended by [the criminal appeal] statutes." The statement there appearing was in my opinion not even dictum. Properly paraphrased in order more correctly to state its meaning, the statement of this court was as follows: "Even conceding for the sake

---

[1]While the legislature has indeed provided for the appointment and payment of counsel for indigent defendants, at the expense of the county, it has made no provision permitting us to appoint and pay amicus curiae in the case of appeals such as the present one.

of argument that the effect of the appeal statutes is to permit this court to determine a moot question upon the state's appeal, they have no application here because this is not an appeal but an original proceeding in certiorari."

I would dismiss the appeal as moot and as not authorized by our statute.