RODGERS, Justice:
The appellant, T. Boyd Kellum, was convicted under an indictment charging him with having uttered and forged bonds purporting to have been issued by the Lincoln County Water District of the County of Lincoln in the State of Kentucky. He claims that his motion to dismiss the proceedings and quash the indictment, made in the trial court, should have been sustained. His motion was based upon the ground that he was immune from prosecution for the crime charged because he was required to give evidence before a Legislative Committee on the subject for which he was indicted. We are of the opinion that he is correct in his contentions and that *493 the indictment should have been quashed and the proceeding's dismissed against the defendant in the trial court because of the following circumstances.
After the defendant had been indicted on a charge of forgery of bonds, he was called before a Legislative Committee to testify on the subject for which he was indicted. The Legislature was considering a complicated bill to provide for the levying of privilege license tax upon dealers and salesmen of securities, to define, regulate and supervise the sales of securities, and to provide penalties for the violation of the regulations. The defendant lives at Louise, which is some distance from Jackson, Mississippi, where the Legislative Committee was in session. He received a telephone call from the Secretary of the Committee advising him that his testimony was desired on the matter then before it, and he was requested to appear at 9:30 on Tuesday, May 3, 1966. The defendant testified that he was informed that the Chairman of the Committee “wanted me there at nine-thirty.” The Secretary testified that she called defendant and advised him of the meeting and that he should be there at the designated time “if he’d like to appear.” The defendant promptly got in touch with his attorney and told him what had happened. His attorney advised him not to testify unless he was sworn as a witness. The defendant appeared, as requested, but before he would agree to testify he requested that he be sworn. After he was sworn, it is admitted that the defendant testified with reference to the charge then pending against him. His testimony was of such nature as to cause one of the Members of the Committee to ask the defendant if he had consulted an attorney, to which defendant replied that he had and that his attorney had told him “to tell everything.” The witness then “proceeded to tell us (the Committee) about several aspects that are (were) a matter of his indictment.”
The testimony in this case shows beyond question that the defendant, appellant here, was requested to appear before a Legis-ative Sub-committee to testify with reference to matters which involved the charge for which the witness was then indicted. It is also apparent that the Sub-committee Members knew that the witness was under indictment for forgery of securities.
Did the testimony before the Sub-committee, under the facts in this case, give the defendant immunity from prosecution? We think it did.
The pertinent part of Mississippi Code Annotated section 3337 (1956) is as follows:
“A person sworn and examined as a witness before either house, without procurement or contrivance, on his part, shall not be held to answer criminally, or be subject to any penalty or forfeiture for any fact or act touching which he is required to testify * *
The State contends that the defendant is not entitled to the immunity allowed under the terms of the foregoing Code section, because: (1) The defendant appeared voluntarily, and a “clear cut issue of this fact” was presented to the trial court; (2) his appearance before the Committee was “contrived”; and (3) the testimony given before the Committee was not used against the defendant in the prosecution on the indictment charging him with forgery.
We do not believe that the mere fact that the defendant appeared before the Legislative Sub-committee without a formal summons prevents the witness from claiming immunity. Witnesses who voluntarily appear before grand juries and other investigative bodies have a constitutional right not to be required to testify against themselves. Witnesses are often notified to appear without formal summons. They usually appear without being accompanied by an attorney. If the investigative body were permitted to question a witness so as to obtain evidence against him when he voluntarily appeared, few citizens would cooperate in the effort of *494 the investigative body to ferret out information needed to determine just legislation or in criminal investigation. The majority of criminal investigation is usually done with the aid of volunteers, and good legislation always grows out of advice and aid from witnesses who have information on the subject under examination.
If this were a case of first impression, we would not hold that one voluntarily appeared before a Committee of the Legislature and was questioned about a charge against him was entitled to immunity from prosecution provided by law. This is not a case of first impression. This Court has previously held that a voluntary appearance of a witness does not prevent his claiming immunity provided by law. State v. Billups, 179 Miss. 3S2, 174 So. 50 (1937); Lucas v. State, 130 Miss. 8, 93 So. 437 (1922).
The contention that the defendant appeared before the investigative Sub-committee of the Legislature by “procurement or contrivance, on his part,” is of course a question of fact. In the instant case, we are unable to find any fact, other than a suspicion, that defendant contrived to appear before the Committee in order to obtain immunity, based upon the fact that the witness went to his attorney as soon as he was notified to appear.
The testimony is clear. The Chairman of the Sub-committee testified that he made the decision to call defendant to testify, and he testified as. follows: Q. “In other words, Mr. Kellum did not contrive with you, nor anyone for him, to procure his appearance before this Committee?” A. “I guess I’ll have to answer that direct by saying ‘No’.” We must hold therefore that this contention is not well-founded. We hold that argument to the effect that testimony given before the Committee was not used against the witness and therefore the statute does not apply to the facts in the instant case is not well-founded. The statute (Miss. Code Ann. § 3337 (1956)) exempts a witness from prosecution not only in cases where testimony obtained before a Committee is used, but it is a broad statute and exempts a witness so that he “shall not be held to answer criminally, or be subject to any penalty or forfeiture for any fact or act touching which he is required to testify.”
The argument made by the State that “It would be a travesty on justice if Section 3337 * * * would be construed to give an ‘immunity bath’ to appellant for the reason * * * that absolutely nothing that he testified to before the Committee was used against him at the trial,” is not persuasive because Section 26 of the Mississippi Constitution gives a citizen the right to refuse to testify against himself in criminal cases. This right is also now vouchsafed by the Fourteenth Amendment of the Constitution of the United States wherein it is said: “No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States * * In short, one who is required by the power of the State to testify to his hurt is immune from prosecution for the thing for which he was required to testify, whether that testimony is used by the State or not. Judgment of the trial court is reversed and defendant is discharged.
Reversed and defendant discharged.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.