IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON HARTMAN,
Appellant,
vs.
PALMS PLACE UNIT OWNERS'
ASSOCIATION, A NEVADA DOMESTIC
NON-PROFIT CORPORATION;
GEORGE MALOOF, JR., AN
INDIVIDUAL; JULIE CHAPMAN, AN
INDIVIDUAL; AND THOMAS K. LAND,
ASSIGNEES OF PALMS PLACE, LLC,
A NEVADA LIMITED LIABILITY
COMPANY, KEN LOGAN AND
QUENTIN KEARNEY,
Respondents.

No. 79832

**FILED**

JUL 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to vacate a renewal of judgment. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

"A judgment *creditor* or a *judgment creditor's successor in interest*" may renew an unpaid judgment by filing an affidavit with pertinent information, recording the affidavit within three days, and mailing the affidavit to the judgment creditor within three days. NRS 17.214(1)-(3) (emphases added). The party renewing the judgment must strictly comply with NRS 17.214's mailing and recordation provisions, *Leven v. Frey*, 123 Nev. 399, 409, 168 P.3d 712, 719 (2007), but need only substantially comply with NRS 17.214's form-and-content requirements, *id.* at 408, 168 P.3d at 718.

Relying on *Leven*, appellant Jason Hartman faults the district court for extending the time for respondents Ken Logan and Quentin

Kearney (L&K) to renew the judgment pursuant to NRCP 6(b) (2019) and EDCR 2.25. But Hartman did not properly present this argument in his opening brief on appeal. Mistakenly asserting on appeal as in district court that the respondents failed to file a motion under NRCP 6(b) or EDCR 2.25, Hartman argues instead that that "[t]he District Court only had discretion to extend a deadline . . . if a finding of excusable neglect was made after a duly noticed motion." (emphasis omitted). But L&K plainly made such a countermotion to extend time in district court, and the district court properly granted it as formally unopposed, having been mentioned only in passing in the reply. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). When L&K noted this procedural history in their answering brief, Hartman did not respond. In other words, "such lack of challenge cannot be regarded as unwitting and . . . constitutes a clear concession." *Colton v. Murphy*, 71 Nev. 71, 72, 279 P.2d 1036, 1036 (1955).

Hartman's other arguments lack merit. He incorrectly faults the district court for accepting a declaration in lieu of an affidavit. *See* NRS 53.045 (providing for the substitution of a declaration for an affidavit if "substantially" similar to NRS 53.045's exemplar). Though the declaration omitted several formulaic words from NRS 53.045, it did substantially comply with this statute. Hartman also has not demonstrated any error with the declaration's recitation of setoff requirements, *see* NRS 17.214(1)(a)(6), having not developed this argument sufficiently, *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 (2006) (requiring of parties the "responsibility to cogently argue, and present relevant authority, in support of" their arguments). Moreover,

Hartman incorrectly asserts that an assignee of one party's interest in a multi-party judgment cannot renew a judgment. *See* NRS 17.214 (allowing a singular "judgment creditor" or "successor in interest" to renew a judgment). Finally, Hartman asserts that L&K failed to comply with a variety of procedural rules on a similar, though not identical basis, which collectively call into question compliance with NRCP 17(a)(1) (2019) (mandating that a real party in interest prosecute any action). But "the assignee is the real party in interest and can maintain the action," *Easton Bus. Opportunities, Inc. v. Town Exec. Suites-E. Marketplace, LLC*, 126 Nev. 119, 126, 230 P.3d 827, 831 (2010) (internal quotation marks omitted).

For these reasons, we find no error by the district court and accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Mark R. Denton, District Judge
      Ara H. Shirinian, Settlement Judge
      Caldwell Law Firm, PC
      K&L Law Group, P.C./Irvine
      Cook & Kelesis
      Eighth District Court Clerk