WILLIAM McKINLEY GREEN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 4971

November 12, 1965 407 P.2d 719

*J. Forest Cahlan* and *Rex A. Jemison,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, *Earl Gripentrog* and *Ivan R. Ashleman,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The genesis of this appeal is an error made by the writer of this opinion in preparing the order denying rehearing of the first appeal of this case. In the interests of justice we hasten to correct that mistake.

The appellant Green was found guilty of robbery following a jury trial in the district court at Las Vegas, Nevada. Evidence of guilt was conflicting. Green had never before been arrested. He was identified by the victim as one of the two robbers who had perpetrated the crime. Green testified and denied commission of the offense. The jury apparently believed the victim and found Green guilty. Before judgment and sentence, and in accordance with NRS 175.535, he moved for a new trial. One of the grounds urged was that the "verdict was contrary to law or evidence." The lower court granted a new trial, but failed to specify any statutory reason. An appeal by the state followed, and we reversed the lower court's grant of a new trial. State v. Green, 81 Nev. 173, 400 P.2d 766. In that opinion we did not consider the mentioned ground for a new trial because the record before us at that time did not indicate that the lower court had granted a new trial on that ground. Green sought a rehearing. We denied rehearing, stating, inter alia: "Here, the lower court did not rule on one of the statutory grounds for a new trial, viz, 'that the verdict is contrary to law or evidence.' The evidence as to guilt was conflicting. * * * However, we have independently reviewed the record and conclude that the verdict is supported by the law and evidence."

Following remand, Green presented a second motion for a new trial to the district court. It was permissible

for him to do so, as judgment had not yet been entered on the jury verdict, and the motion was obviously tendered in good faith, without thought of harassment or delay. The trial judge denied this motion. However, in doing so he made it clear that (a) he had originally ordered a new trial because he believed that the verdict was contrary to evidence; (b) that he still believed the verdict wrong and contrary to the evidence; and (c) that he would grant the second motion for a new trial but for our preclusive language in the order denying rehearing that "we have independently reviewed the record and conclude that the verdict is supported by the law and evidence." With justification the district judge considered that language to be the law of the case and to forbid his ordering another trial, though he wished to do so.

In the circumstances here presented, it was inappropriate for this court, on rehearing, to make an independent search of the record to ascertain whether there was evidence to support the jury verdict. The proper course would have been to request the lower court to express itself on that ground for new trial, as it was one of the grounds urged by the defendant. In failing to do so we erred.

The prejudice to the defendant Green, flowing from our error, is manifest. Had the lower court been requested to express itself, we would have learned that its true reason for ordering another trial was its belief that the jury should have preferred the evidence offered by the defense rather than that presented by the prosecution. In such event we would have been powerless to disturb the lower court's ruling. State v. Busscher, 81 Nev. 587, 407 P.2d 715 (dictum). We now know why the trial court ordered another trial. Our late acquisition of knowledge should not inure to the defendant's prejudice. Accordingly we order that the defendant be granted another trial. We reverse the order of the trial court

which was entered solely because of our error in ruling on the defendant's petition for rehearing following the first appeal.

As Green was represented by court appointed counsel, we direct the lower court to give counsel the certificate specified in NRS 7.260(3)(4).

BADT, J., and ZENOFF, D. J., concur.