NOLAN OSBORNE WASHINGTON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 11294

December 29, 1982                                    655 P.2d 531

*William N. Dunseath,* Public Defender, and *Michael B. McDonald* and *N. Patrick Flanagan,* Deputy Public Defenders, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

After a jury found appellant guilty of robbery, he moved for a new trial. The district court denied appellant's motion, concluding that NRS 176.515 does not permit a new trial to be granted for insufficiency of the evidence. On appeal, appellant contends, to the contrary, that the court possessed lawful authority to consider his motion. We agree. This matter is reversed and remanded, so that appellant's motion may be considered in accord with the standard hereinafter set forth.

In denying the appellant's motion for a new trial, the district judge commented as follows:

> I am very well acquainted with the facts in the case, and I would observe that this is the first criminal case which has ever been tried before me in which I felt—where there was a conviction—in which I felt that perhaps the jury had reached the wrong conclusion.

Nevertheless, despite these reservations concerning appellant's guilt, the district judge concluded he was compelled by law to deny appellant's motion. This was incorrect.

Although the district judge found the evidence of guilt to be conflicting and was not convinced of appellant's guilt, he

assumed that NRS 176.515 prevented him from granting a new trial. That statute, in pertinent part, provides:

> 1. The court may grant a new trial to a defendant if required as a matter of law or on the ground of newly discovered evidence.
>
> . . . .
>
> 3. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within 2 years after final judgment, but if an appeal is pending the court may grant the motion only on remand of this case.
>
> 4. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

NRS 176.515 took effect on April 24, 1967, replacing what was formerly NRS 175.535.

The district judge construed NRS 176.515 by comparing its language with that of its predecessor statute. NRS 175.535 had provided in relevant part:

> [t]he court in which a trial is had upon the issue of fact, has power to grant a new trial where a verdict has been rendered against the defendant upon his application, in the following cases only:
>
> . . . .
>
> 6. When the verdict is contrary to law or evidence, . . .

Because NRS 176.515 does not contain comparable language, the district judge concluded that he lacked power to grant a new trial when in the judge's evaluation, the verdict is contrary to the evidence. In our view, however, such a conclusion does not follow.

The language of subsection (1) of NRS 176.515 is permissive, *i.e.,* the "court *may* grant a new trial." (Emphasis added.) Subsection (3) of the statute describes conditions to be met for a motion for new trial based on newly discovered evidence; however, subsection (4) recognizes that a motion for new trial may be based on "other grounds." We hold that such "other grounds" exist when the district judge disagrees with the jury's verdict after an independent evaluation of the evidence. Such grounds have a recognized history of validity in Nevada. District judges in criminal cases have had traditional authority to grant motions for new trials based upon an independent evaluation of the evidence. As we said in State v. Busscher, 81 Nev. 587, 407 P.2d 715 (1965):

Historically, Nevada has empowered the trial court in a criminal case where the evidence of guilt is conflicting, to independently evaluate the evidence and order another trial if it does not agree with the jury's conclusion that the defendant has been proven guilty beyond a reasonable doubt.

81 Nev. at 589; *see also* Green v. State, 81 Nev. 595, 407 P.2d 719 (1965).

We note that the Double Jeopardy Clause of the United States Constitution does not bar the state from reprosecuting the defendant when a new trial has been granted because the trial judge disagrees with the jury's resolution of conflicting evidence. Tibbs v. Florida, ...... U.S. ......, 50 U.S. Law Week 4607 (June 7, 1982); Hudson v. Louisiana, 450 U.S. 40 (1981); People v. Veitch, 180 Cal.Rptr. 412 (Ct.App. 1982). This is distinct from a situation in which the court concludes that the evidence was not sufficient to justify a rational jury from finding guilt beyond a reasonable doubt, under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). If the evidence was insufficient under the *Jackson* standard, a new trial is not permitted and the defendant must be released. *See* Tibbs v. Florida, *supra.*

We conclude that the district judge operated under the erroneous belief that he lacked jurisdiction to rule on appellant's motion for a new trial, and he erred by failing to exercise his discretion. *See* Pacific Intermountain v. Leonard E. Conrad, 88 Nev. 569, 502 P.2d 106 (1972). Accordingly, we reverse the order denying appellant's motion for a new trial and we remand this matter to allow the district judge an opportunity to consider such motion on its merits.