THE STATE OF NEVADA, APPELLANT, *v.*
ROBERT LEE WILSON, RESPONDENT.

No. 18467

August 25, 1988 · · · · · · · · · · · · · · · 760 P.2d 129

*Brian McKay,* Attorney General, Carson City; *Gregory J. Barlow,* Deputy Attorney General, Las Vegas, for Appellant.

*Morgan Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

The issue raised in this appeal is whether the district courts of Nevada have the authority to dismiss criminal charges for insufficiency of the evidence following a jury verdict of guilty. We conclude that they do not and, therefore, reverse and remand to the district court so that it may consider respondent's motion for a new trial.

Robert Lee Wilson, respondent, was charged with two counts of making false claims for insurance benefits and one count of conspiracy to present such claims.

On June 11, 1987, Wilson filed a motion to suppress in-court identifications and dismiss the charges. An evidentiary hearing was requested and scheduled to be heard on the day of the trial. On June 29, 1987, prior to the start of the jury trial, the motion to suppress was considered by the trial court. The judge concluded that the jury should determine whether the identifications were sufficient to support a conviction, and he denied the motion.

At no time prior to the submission of the case to the jury did Wilson move for a directed verdict, acquittal, or an advisory instruction to acquit. Following guilty verdicts on each count, Wilson moved for a new trial or a dismissal of charges on the ground of insufficiency of the evidence, specifically, unreliability of the in-court identifications.

The court granted the motion to dismiss, stating that "it would appear to the Court that this is not the kind of evidence upon which a jury can reasonably find proof of guilt beyond a reasonable doubt."

It was solely to the in-court identification that the claim of insufficiency was addressed. Numerous witnesses worked for State Farm, Farmers, or Allstate Insurance when the alleged fraud occurred, and most of them identified respondent as one of the people involved in the scheme. They testified that he represented himself either as Robert Wilson, the insured, or Bill Winslow, a claimant. The claim of insufficiency stems not from failure of the witnesses to identify respondent but rather from the alleged taint of pretrial photo-identifications.

No Nevada statute or rule of procedure is specifically directed to the district court's power in criminal cases, following the jury's verdict of guilty, to dismiss the charges, acquit the defend-

ant, or enter a judgment notwithstanding the verdict when the court deems the evidence insufficient to sustain the verdict. A related statute, NRS 175.381, provides:

> If, at any time after the evidence on either side is closed, the court deems the evidence insufficient to warrant a conviction, it may advise the jury to acquit the defendant, but the jury is not bound by such advice.

In State v. Corinblit, 72 Nev. 202, 205, 298 P.2d 470, 471 (1956), we held that it was error for the trial court to take the case from the jury by dismissing the action at the close of the prosecution's case in lieu of giving the jury an advisory instruction to acquit because of insufficient evidence which instruction the jury could freely ignore.[1]

In State v. Busscher, 81 Nev. 587, 589, 407 P.2d 715, 716 (1965), a case involving the propriety of the district court's order granting the defendant's motion for a new trial, we stated the district court may grant a motion for a new trial following a guilty verdict where the court finds the evidence in conflict and disagrees with the jury's resolution.[2]

In Washington v. State, 98 Nev. 601, 604, 655 P.2d 531, 532 (1982), we stated that a defendant is not subjected to double jeopardy when he is granted a new trial because the trial judge disagrees with the jury's resolution of conflicting evidence. In dicta, we went on to state, however, that when the evidence is insufficient to support the conviction, the defendant may not be retried. We take this opportunity to clarify the dicta in *Washington* to the extent that it implies that the district court may dismiss the charges for insufficiency of the evidence following a guilty verdict. While it is clear that a defendant cannot be retried when the evidence presented is insufficient to sustain a guilty verdict, in Nevada the determination of the sufficiency of the evidence, following a guilty verdict, is to be resolved as an issue of law on appeal.

---

[1]That holding was based on N.C.L. § 11001 (1929) which was similar in substance to NRS 175.381.

[2]The district court's ruling in *Busscher* was based upon former NRS 175.535(6) (1965) which provided that the district court could grant a new trial "[w]hen the verdict is contrary to law or evidence. . . ." A new trial is presently authorized under NRS 176.515. NRS 176.515(4) states that such a motion may be based upon "other grounds," and " 'other grounds' exist when the district court disagrees with the jury's verdict after an independent evaluation of the evidence." Washington v. State, 98 Nev. 601, 603, 655 P.2d 531, 532 (1982).

Some states have concluded that trial courts had the power at common law to dismiss following a guilty verdict, Ex Parte United States, 101 F.2d 870, 877, 131 A.L.R. 176, 184 (7th Cir. 1939),[3] or possessed such inherent power to do justice, *Ex Parte United States;* Arizona v. Superior Court in and for Co. of Maricopa, 441 P.2d 548 (Ariz. 1968).[4] Other courts have criticized these conclusions, finding no power at common law or inherent power in the trial courts. Oregon v. Schwabe, 556 P.2d 1366 (Or. 1976); Pennsylvania v. Heller, 24 A.2d 460 (Pa. 1942).

Those courts which have concluded that the power to dismiss after a guilty verdict existed at common law have based their decisions upon hypothetical reservations of rulings on motions for directed verdicts. We need not consider this rationale. In Nevada, the power to direct the verdict because of insufficiency of the evidence does not exist prior to the submission of the case to the jury. NRS 175.381; *Corinblit,* 72 Nev. 202, 205, 298 P.2d 470, 471 (1956). *A fortiori* the power cannot be reserved until after the jury returns its verdict if the power has been eliminated by the legislature.

While *Ex Parte United States* and *Arizona v. Superior Court in and for Co. of Maricopa* relied in large part upon the inherent powers and obligations of the courts to protect the innocent, we hold that the district court's power is limited to giving an advisory instruction or ordering a new trial. The post-verdict ruling on the sufficiency of the evidence can be addressed by the supreme court on appeal. *Schwabe,* 556 P.2d 1366 (Or. 1976); *Heller,* 24 A.2d 460 (Pa. 1942). This procedure is consistent with Nev. Const. art. VI § 4 and NRS 177.025 and accomplishes the ends of justice without circumventing the limitations placed upon the district courts through NRS 175.381.

Accordingly, we reverse and remand for the district court's consideration of respondent's motion for a new trial.

---

[3]*Ex Parte United States* was decided prior to the adoption of the Federal Rules of Criminal Procedure of which Rule 29 sanctions the practice of acquittal or judgment notwithstanding the jury's guilty verdict.

[4]Arizona Rule of Criminal Procedure 20 currently provides for motions for judgment of acquittal before verdict which may be renewed after verdict.