ENOCH EARL McCURDY, JR., AND JOSEPH N. WARREN, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 21080

April 30, 1991                         809 P.2d 1265

*Morgan D. Harris,* Public Defender, *Robert L. Miller,* Deputy Public Defender, Clark County, for Appellant McCurdy.

*Gentile, Porter & Kelesis* and *Anthony P. Sgro,* Las Vegas, for Appellant Warren.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, *Abbi Logue,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Joseph Warren, aged seventeen, stands convicted of first degree murder. Enoch Earl McCurdy, Jr., aged fifteen, was convicted of second degree murder.

The homicide in this case arose out of an affray involving members of conflicting youth gangs. During the affray Warren shot and killed another youth.

### Joseph N. Warren

Warren claims that his conviction is not supported by the evidence. There is ample evidence of Warren's guilt. Warren knew that his gun was loaded; and, according to one witness, Warren "just walked up and pointed and pulled the trigger." This is enough to support the required mental element of first degree murder, that the killing be "willful, deliberate and premeditated." *See* NRS 200.030(1)(a); Briano v. State, 94 Nev. 422, 424-25, 581 P.2d 5, 7 (1978).

Warren challenges the admission of his confession because he was not afforded the protection afforded by law to a "child," namely, that an officer who "take[s] into custody any child" must "immediately notify the parent, guardian or custodian of the child." NRS 62.170(1). NRS 62.040(1)(b)[1] excludes Warren from the statutory protection of NRS 62.170(1). This is not to say that an underaged murder suspect may in all instances be interrogated without notifying his or her parents. Had Warren been an eight or nine-year-old assailant, for example, fundamental fairness and due process would probably have demanded that his parents be notified before police interrogation commenced. We need not worry about this problem here, however. Warren was a young man of almost eighteen, and there is nothing in this record to suggest that Warren should be treated differently from the way that he would have been treated had he already reached his eighteenth birthday. He was not a child in the usual sense of the word and was not reasonably, statutorily or constitutionally entitled to have his parents present as a condition to police interrogation.

Warren's first degree murder conviction is affirmed.

### Enoch Earl McCurdy, Jr.

Enoch McCurdy claims that there is insufficient evidence to support his conviction of second degree murder. To be guilty of

---

[1] NRS 62.040(1)(b) provides as follows:

   1. Except as otherwise provided in this chapter, the court has exclusive original jurisdiction in proceedings:

   . . . .

   (b) Concerning any child living or found within the county who has committed a delinquent act. A child commits a delinquent act if he:

   (1) Commits an act designated a crime under the law of the State of Nevada *except murder* or attempted murder . . . .
(Our emphasis.)

murder McCurdy must have caused the death of another human being while having that state of mind called in our statute "malice aforethought, either express or implied." NRS 200.010.

The record does not support a conclusion that McCurdy acted with express malice, for the evidence reveals that McCurdy never possessed a specific intent to kill.[2] McCurdy did not shoot the victim in this case; Warren did. What McCurdy did was to hand the gun to Warren a short time before Warren shot the victim.

The question here presented is whether McCurdy's conduct, taken in the light most favorable to the prosecution, was such that the jury was justified in concluding that he was guilty of implied malice. Under NRS 200.020(2), "malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart."

As stated in Keys v. State, 104 Nev. 736, 740, 766 P.2d 270, 272 (1988), "implied malice . . . does not relate to a deliberate, intentional killing but is rather a mens rea inferred in law from the circumstances of the killing." The circumstances of this killing were that McCurdy approached the victim and his friends in order to stir up trouble. McCurdy threatened the group with a gun, and this behavior eventually led to a confrontation involving opposing gang members. During the turmoil, McCurdy handed Warren the loaded and cocked gun. Before long, Warren joined the fight and eventually shot and killed Frank Perkins with the gun which McCurdy had given him. Handing a loaded gun to Warren under these circumstances shows a malicious lack of concern for human life. Implied malice "signifies general malignant recklessness of others' lives and safety or disregard of social duty." Thedford v. Sheriff, Clark County, 86 Nev. 741, 744, 476 P.2d 25, 27 (1970). The jury could have properly concluded that, from McCurdy's perspective, it should have been clear that handing the gun to Warren under these circumstances was malignantly reckless and that death or serious injury was likely to result. There is sufficient evidence in this case to support a jury finding of implied malice on the part of McCurdy; therefore, McCurdy's second degree murder conviction is affirmed.

---

[2]Under NRS 200.020(1), "express malice is that deliberate intention unlawfully to take away the life of a fellow creature . . . ."