THE STATE OF NEVADA, Appellant, v.
DANNIE RAY WALKER, Respondent.

No. 22884

July 27, 1993                                    857 P.2d 1

---

[5]The Honorable David Zenoff, Senior Justice, was appointed to sit in the place of The Honorable Cliff Young, Justice.

684

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James Tufteland* and *Ulrich W. Smith,* Deputy District Attorneys, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender and *George F. Ogilvie, III* and *Stephen J. Dahl,* Deputy Public Defenders, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Respondent Dannie Ray Walker (Walker) was convicted by a jury of murder in the first degree with the use of a deadly weapon. Following the return of the guilty verdict, Walker moved for a new trial. The district court issued an order, accompanied by findings of fact and conclusions of law, vacating Walker's conviction of murder and granting Walker a new trial on this charge pursuant to NRS 176.515.[1] The district court based its decision on its finding that "there was insufficient evidence for the jury to have found the Defendant guilty beyond a reasonable doubt on the charge of Murder in the First Degree With Use of a Deadly Weapon." The State appeals the district court's order granting Walker a new trial, arguing that insufficiency of the evidence is not a proper ground for ordering a new trial following the return of a guilty verdict. We conclude that, at the time the guilty verdict was returned, this was indeed the state of the law in Nevada.

---

[1]NRS 176.515 states, in pertinent part:

    1. The court may grant a new trial to a defendant if required as a matter of law or on the ground of newly discovered evidence.

    . . . .

    4. A motion for a new trial based on any *other grounds* must be made within 7 days after verdict or finding of guilt or within such further time as the court may fix during the 7-day period.

(Emphasis added.) NRS 175.381(2) and (3), added by amendment in 1991, state:

    2. The court may, on a motion of a defendant or on its own motion, which is made after the jury returns a verdict of guilty, set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. The motion for a judgment of acquittal must be

In Washington v. State, 98 Nev. 601, 655 P.2d 531 (1982), the appellant moved for a new trial after the jury found him guilty of robbery, and the district court denied the motion on the basis that it did not have the authority under NRS 176.515 to consider the motion. *Id.* at 602, 655 P.2d at 531. We reversed and remanded the matter to the district court, interpreting the language in NRS 176.515 allowing a new trial based on "other grounds" as follows:

> We hold that such "other grounds" exist when the district judge disagrees with the jury's verdict after an independent evaluation of the evidence. . . . "Historically, Nevada has empowered the trial court in a criminal case where the evidence of guilt is conflicting, to independently evaluate the evidence and order another trial if it does not agree with the jury's conclusion that the defendant has been proven guilty beyond a reasonable doubt."

*Id.* at 603-04, 655 P.2d at 531 (quoting State v. Busscher, 81 Nev. 587, 589, 407 P.2d 715, 716 (1965)) (citations omitted).

The district judge in *Washington* found the evidence of guilt to be conflicting, and, by his own evaluation of the conflicting evidence, was not convinced that the appellant had committed the crime. *Washington,* 98 Nev. at 602, 655 P.2d at 531. In the instant case, the district judge found that there was "insufficient evidence" to support the conviction. There is a marked difference between granting a new trial based on conflicting evidence and granting a new trial based on insufficient evidence. Insufficiency of the evidence occurs where the prosecution has not produced a minimum threshold of evidence upon which a conviction may be based. Therefore, even if the evidence presented at trial were believed by the jury, it would still be insufficient to sustain a conviction, as it could not convince a reasonable and fair-minded jury of guilt beyond a reasonable doubt. *See* Poulin v. Zartman, 542 P.2d 251, 273 (Alaska 1975); Houston-Hult v. State, 843 P.2d 1262, 1263-64 (Alaska Ct.App. 1992). In contrast, a conflict of evidence occurs where there is sufficient evidence presented at trial which, if believed, would sustain a conviction, but this evidence is contested and the district judge, in resolving the

made within 7 days after the jury is discharged or within such further time as the court may fix during that period.

3. If a motion for a judgment of acquittal after a verdict of guilty pursuant to this section is granted, the court shall also determine whether any motion for a new trial should be granted if the judgment of acquittal is thereafter vacated or reversed. . . .

1991 Nev. Stat., ch. 265, § 2 at 651. Because NRS 175.381 became effective October 1, 1991, and the guilty verdict was returned on September 6, 1991, NRS 175.381 does not apply in the instant case. *See* NRS 218.530.

conflicting evidence differently from the jury, believes the totality of evidence fails to prove the defendant guilty beyond a reasonable doubt.

The distinction between conflicting evidence and insufficient evidence is important. In *Washington,* we concluded that the Double Jeopardy Clause[2] does not bar reprosecution of a defendant where a new trial is granted because the trial judge disagrees with the jury's resolution of conflicting evidence. *Washington,* 98 Nev. at 604, 655 P.2d at 532. However, where the district judge "concludes that the evidence was not sufficient to justify a rational jury [in] finding guilt beyond a reasonable doubt, . . . a new trial is not permitted and the defendant must be released." *Id. See* Hudson v. Louisiana, 450 U.S. 40, 44-45 (1981) (where a trial judge granted the defendant's motion for new trial on the ground that the evidence was insufficient to support the jury's guilty verdict, the Double Jeopardy Clause barred the State from reprosecuting the defendant); State v. Wilson, 104 Nev. 405, 407, 760 P.2d 129, 130 (1988) ("a defendant is not subjected to double jeopardy when he is granted a new trial because the trial judge disagrees with the jury's resolution of conflicting evidence. . . . [H]owever, . . . when the evidence is insufficient to support the conviction, the defendant may not be retried").

We conclude that, under Nevada law as it existed prior to October 1, 1991, a district judge could grant a new trial following the return of a guilty verdict where he or she disagreed with the jury's resolution of conflicting evidence, but not where there was insufficient evidence to support the guilty verdict. Our cases indicate that, prior to the amendment of NRS 175.381 in 1991, an evaluation of the sufficiency of the evidence supporting a guilty verdict was the exclusive province of this court on appeal, and no trial court could undertake such an evaluation after a guilty verdict was returned. *See Wilson,* 104 Nev. at 408, 760 P.2d at 131. Of course, our ruling today only applies to cases resolved prior to October 1, 1991, as the 1991 amendment to NRS 175.381 substantially affects the analysis here. At this time, however, we find it unnecessary to examine the effect of NRS 175.381 on a district court's ability to make a sufficiency of the evidence determination after October 1, 1991. After careful review of the district court's order and the record on appeal, we conclude that the district judge ordered a new trial based on insufficient evidence rather than on his alternative resolution of conflicting evidence, and this was error.

---

[2]The Double Jeopardy Clause of the Fifth Amendment states in part, "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

We have carefully considered all other contentions on appeal and we conclude they lack merit. Accordingly, we vacate the order of the district court and remand for further proceedings consistent with this opinion.