*1391
 
 OPINION
 

 Per Curiam:
 

 A jury convicted respondent Lynn Eugene Purcell (Purcell) of one count of lewdness with a minor and two counts of sexual assault. Purcell made a motion for a new trial on grounds that the evidence presented was conflicting and did not support the verdict. The district court granted the motion based on its assessment of the victim’s credibility, the victim’s motive to lie, and the testimony of the victim’s family. The State argues that the district court failed to identify a conflict in the evidence, thus abusing its discretion in ordering a new trial. The State also argues that Nevada law provides no guidelines to the district court in ordering a new trial, thus permitting the district court to arbitrarily override jury verdicts. We conclude that the State’s contentions are without merit.
 

 FACTS
 

 Purcell was charged with one count of lewdness with a minor and two counts of sexual assault upon the thirteen-year-old victim. The lewdness count charged Purcell with fondling the victim’s breasts and buttocks and requesting that she perform fellatio on him. The sexual assault counts charged him with forcing the victim to perform fellatio and digitally penetrating her vagina.
 

 The victim was the State’s sole witness at trial. She testified that at the time the alleged conduct occurred, she lived in a double-wide trailer with her mother, Purcell, her four-year-old half-sister, and her fifteen-year-old brother. She stated that Purcell would often give her massages to ease the aches and pains of playing sports at school. Initially, these rubdowns were limited to her back and feet and took place in the living room area of the trailer. Eventually, however, Purcell began coming into her bedroom to rub her “butt, breasts and private areas.” These acts allegedly occurred on a regular basis for nearly two years in the bedroom the victim shared with her younger sister. The victim testified that on one occasion Purcell came into her bedroom, pulled down his pants, grabbed her neck and put his penis in her mouth as he knelt on her bed, and on two occasions he digitally penetrated her vagina.
 

 The victim eventually gave a statement to Detective Cote describing all incidents but the alleged fellatio. Just prior to the
 
 *1392
 
 start of the first preliminary hearing, the victim described the fellatio incident to Detective Cote and a deputy district attorney. She later made additional statements regarding Purcell’s behavior to Judge Adams, who presided over the motion for a change of custody brought by her father. The victim currently resides with her father and his new wife.
 

 During their cross-examination of the victim, the defense attempted to show that Purcell lacked the opportunity to have committed the acts she described given her statements regarding the layout of the trailer, her testimony that her bedroom door was always open, her testimony that light shined into her bedroom, and the fact that other family members were nearly always home. Additionally, the defense asserted that it would have been impossible for Purcell to kneel on the victim’s bed and force her to perform fellatio on him as she had described given the distance between the bunk beds that the victim and her half-sister slept in.
 

 The defense also presented five family members who testified regarding the victim’s history of lying. Her brother and mother further testified that the acts could not have occurred as she alleged without them being aware of it. Her brother stated that a possible motive for the accusations was the victim’s desire to live with her father so that she did not have to share a room with her half-sister, and would have more freedom to do what she wanted.
 

 The victim’s mother testified that the victim wanted to move to her father’s house in May, 1991, but that she had resisted that request. It was after this time that the victim came forth with her allegations against Purcell.
 

 Purcell was convicted on all counts by the jury, but made a motion for a new trial before sentencing. After hearing arguments on the matter, the district court granted the new trial pursuant to NRS 176.515. The district court stated that in its opinion, the evidence of Purcell’s guilt was conflicting, and the court therefore had the duty to independently evaluate the evidence. The court noted that the victim had testified that Purcell, on many occasions, touched her in private areas, but stated: “the inconsistencies in her testimony, her demeanor on the witness stand, the existence of a motive to fabricate, as well as the testimony of other witnesses, including her mother, brother, and grandfather, led this Court to conclude that [the victim’s] testimony was not credible.” The district court further stated that her testimony was the only evidence presented in support of the sexual assault charges, and that “[the victim] was not a credible witness such that a reasonable person should have based a finding of guilt upon her testimony alone.” Accordingly, the court granted Purcell’s motion for a new trial. The State appeals.
 

 
 *1393
 

 DISCUSSION
 

 Motions for a new trial in criminal cases are governed by NRS 176.515.
 
 [1]
 
 We have consistently held that pursuant to the provision regarding “other grounds,” the district court may grant a motion for a new trial based on an independent evaluation of the evidence:
 

 “Historically, Nevada has empowered the trial court in a criminal case where the evidence of guilt is conflicting, to independently evaluate the evidence and order another trial if it does not agree with the jury’s conclusion that the defendant has been proven guilty beyond a reasonable doubt.”
 

 Washington v. State, 98 Nev. 601, 604, 655 P.2d 531, 532 (1982) (quoting State v. Busscher, 81 Nev. 587, 589, 407 P.2d 715, 716 (1965)).
 

 The State argues that the district court’s grant of Purcell’s motion for a new trial constituted an abuse of discretion because the district court did not identify a conflict in the evidence, which is a necessary precondition to a district court’s independent evaluation of the evidence and its power to allow a new trial. We conclude that the State’s argument is not persuasive.
 

 The victim’s testimony was the State’s only evidence. On cross-examination, the defense brought out inconsistencies in her testimony, put on its own witnesses to testify about her untruthfulness and her motivation to lie about Purcell so that she could go live with her father, and introduced evidence showing a lack of opportunity for Purcell to have committed the crimes at the time and in the manner that she described. Contrary to the State’s assertion that the victim’s testimony was “uncontroverted,” the defense introduced evidence tending to discredit her testimony. Thus, we reject the State’s contention that there was no conflict in the evidence.
 

 We further conclude that the State’s argument that the district court committed reversible error because it failed to give a list of each and every conflict in the evidence is without merit. The
 
 *1394
 
 district court noted in its opinion that the evidence as to Purcell’s guilt was conflicting, then stated its general impression with regard to each count, as well as its reasons for disagreeing with the jury verdict. Thus, it clearly identified the conflict.
 

 We also reject the State’s argument that the current case law fails to provide any standards in granting a new trial based on an independent evaluation of conflicting evidence, leaving the district court with unchanneled discretion to override jury verdicts. In State v. Walker, 109 Nev. 683, 685-86, 857 P.2d 1, 2 (1993), we stated:
 

 [A] conflict of evidence occurs where there is sufficient evidence presented at trial which, if believed, would sustain a conviction, but this evidence is contested and the district judge, in resolving the conflicting evidence differently from the jury, believes the totality of evidence fails to prove the defendant guilty beyond a reasonable doubt.
 

 Accordingly, the “totality of the evidence” evaluation is the standard for the district court to use in deciding whether to grant a new trial based on an independent evaluation of conflicting evidence.
 

 Additionally, in
 
 Walker,
 
 we drew a distinction between granting a new trial based on insufficient evidence and granting a new trial based on conflicting evidence. In contrast to conflicting evidence, insufficiency of the evidence occurs where the prosecution has not produced a minimum threshold of evidence upon which a conviction may be based, even if such evidence were believed by the jury.
 
 Walker,
 
 109 Nev. at 685, 857 P.2d at 2.
 

 In the instant case, after discussing each charge in turn and stating the problems with the evidence presented, the district court noted: “because of the insufficient evidence presented at trial, this Court cannot in good conscience sentence the Defendant to life in prison.” The court then went on to recognize its authority to acquit the defendant pursuant to NRS 175.381(2) upon a finding of insufficient evidence, but noted, “that section, however, does not require acquittal upon a finding of insufficient evidence.” This statement is incorrect.
 

 In
 
 Walker,
 
 we held that before the amendment of NRS 175.381 became effective on October 1, 1991, in which sections 2 and 3 were added,
 
 [2]
 
 a district court could not grant a new trial based on a finding that there was insufficient evidence to support a jury
 
 *1395
 
 verdict.
 
 Walker,
 
 109 Nev. at 686, 857 P.2d at 2 (citing Hudson v. Louisiana, 450 U.S. 40, 44-45 (1981)); State v. Wilson, 104 Nev. 405, 407, 760 P.2d 129, 130 (1988);
 
 Washington,
 
 98 Nev. at 604, 655 P.2d at 532. We take this opportunity to clarify that this remains the case under amended NRS 175.381.
 

 The guilty verdict was returned in
 
 Walker
 
 prior to October 1, 1991, and we therefore declined to consider the issue under revised NRS 175.381. We note, however, that in Hudson v. Louisiana, 450 U.S. 40 (1981), the Supreme Court ruled that the trial court’s grant of a defendant’s motion for a new trial based on grounds of insufficient evidence to support a guilty verdict was barred by the Double Jeopardy Clause. Thus, the additions of sections 2 and 3 cannot be interpreted to allow a district court the power to grant a new trial based on a determination of insufficient evidence to support the verdict. If there is truly insufficient evidence, a defendant must be acquitted.
 
 [3]
 

 In the instant case, though the district court termed the evidence “insufficient,” a thorough reading of the decision reveals that the district court did not find the evidence insufficient as a matter of law to support the verdict as described in
 
 Walker,
 
 but instead found that it was conflicting, and that the verdict was not “based on substantial evidence.” Additionally, the record shows that the victim testified to the substance of the allegations, so that there was technically sufficient evidence supporting the charges.
 
 [4]
 

 
 *1396
 
 Accordingly, the district court’s order granting Purcell a new trial is affirmed.
 

 [1]
 

 NRS 176.515 provides, in pertinent part:
 

 1. The court may grant a new trial to a defendant if required as a matter of law or on the ground of newly discovered evidence.
 

 4. A motion for a new trial based on any other grounds must be made within 7 days after verdict or finding of guilt or within such further time as the court may fix during the 7-day period.
 

 [2]
 

 NRS 175.381 currently states:
 

 
 *1395
 
 1. If, at any time after the evidence on either side is closed, the court deems the evidence insufficient to warrant a conviction, it may advise the jury to acquit the defendant, but the jury is not bound by such advice.
 

 2. The court may, on a motion of a defendant or on its own motion, which is made after the jury returns a verdict of guilty, set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. The motion for a judgment of acquittal must be made within 7 days after the jury is discharged or within such further time as the court may fix during that period.
 

 3. If a motion for a judgment of acquittal after a verdict of guilty pursuant to this section is granted, the court shall also determine whether any motion for a new trial should be granted if the judgment of acquittal is thereafter vacated or reversed. The court shall specify the grounds for that determination. . . .
 

 [3]
 

 Not only is granting a new trial based on “insufficient evidence” not allowed by law, it is not supported by a plain reading of the statute. NRS 175.381(2) merely empowers the district court to “acquit” based on insufficiency of the evidence. The language in section 3 referring to a motion for a new trial is included as a default provision should such motion to acquit be reversed by this court, thus providing some deference to the district court’s judgment that the evidence was lacking.
 

 [4]
 

 The district court did note that “the State presented no evidence in support of the charge that Defendant requested fellatio.” This is true, as the
 
 *1396
 
 victim only testified to the act of fellatio. As the State argues, however, requesting fellatio is not an element of lewdness with a minor, whether pled or not, since the heart of the crime involves commission of a lewd act.
 
 See
 
 NRS 201.230(1). Thus, even though the victim did not testify that Purcell “requested fellatio,” her testimony that he rubbed her “butt” and breasts is evidence which is legally sufficient to support the lewdness charge.