Enoch MCCURDY, Plaintiff—
Appellant,

v.

ATTORNEY GENERAL; et al.,
Defendants—Appellees.

No. 06–15502.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2007.

Filed April 27, 2007.

---

Jason F. Carr, Esq., Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Plaintiff–Appellant.

Brian Sandoval, Esq., Office of the Nevada Attorney General, Carson City, NV, Thom Gover, Conrad Hafen, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: WALLACE, CUDAHY *, and McKEOWN, Circuit Judges.

## MEMORANDUM **

In 1990, McCurdy was convicted of murder of the second degree with use of a deadly weapon in a Nevada state court. The Nevada Supreme Court affirmed his conviction. McCurdy subsequently filed a habeas corpus petition in federal district court challenging the sufficiency of the evidence. The district court denied McCurdy's habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm the district court's denial of the writ of habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"It is not the province of a federal habeas court to reexamine state-court determi-

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nations on state-law questions." *Juan H. v. Allen,* 408 F.3d 1262, 1278 n. 14 (9th Cir.2005). We look to Nevada law "only to establish the elements of [the crime] and then turn to the federal question of whether the [state court] was objectively unreasonable in concluding that" sufficient evidence supported the conviction. *Id.*

■ McCurdy argues that there was insufficient evidence to support his conviction of aiding and abetting second degree murder because the principal was found guilty of first degree murder. In *Sharma v. State,* the Nevada Supreme Court stated that "an accomplice can be convicted of a lesser related crime if he did not harbor the specific intent required to be convicted of his cohort's crime." 118 Nev. 648, 56 P.3d 868, 871 n. 8 (2002). In light of *Sharma,* McCurdy's argument is incorrect.

■ McCurdy next contends that there was insufficient evidence to support his conviction because he had no intent to kill the victim. Under the Nevada Revised Statutes, however, implied malice is sufficient to support a second degree murder conviction. *See* Nev. Rev. Stats. §§ 200.010, 200.030. The evidence reflects that McCurdy approached the victim, that he made gang symbols, that a confrontation ensued, that McCurdy brandished a gun and threatened to shoot, that he handed the gun to Warren, and that Warren shot the victim. Under the circumstances, the Nevada Supreme Court was not objectively unreasonable in concluding that sufficient evidence supported the finding of implied malice.

■ McCurdy also asserts that there is no such thing as aiding and abetting implied malice murder, and that the Nevada Supreme Court failed to appreciate that McCurdy was convicted under an aiding and abetting theory. The Nevada Supreme Court opinion reflects that the court was aware that McCurdy did not shoot the victim, and instead handed the gun to Warren, who shot the victim. *McCurdy v. State,* 107 Nev. 275, 809 P.2d 1265, 1266 (1991). Although the Nevada opinion did not use the words "aiding and abetting" or "accomplice liability," a review of the opinion shows that the court was aware that McCurdy did not actually kill the victim. *See id.* at 1265–66. That the Nevada Supreme Court did not explicitly address this point does not change the analysis. We cannot reexamine the Nevada Supreme Court's decision on a point of Nevada state law and hold that implied malice murder does not exist under Nevada state law. *See Juan H.,* 408 F.3d at 1278 n. 14.

**AFFIRMED.**

CUDAHY, dissenting:

I do not believe that there is any federal jurisdiction over the purported writ of habeas corpus since no violation of the federal constitution or federal law is alleged. Although insufficiency of the evidence implicates the Due Process Clause of the Fourteenth Amendment (*see In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)), the crux of the petitioner's argument concerns a question of state law—whether a defendant can be found guilty of aiding and abetting a lesser related offense of the principal—which is not appropriate for federal review. Therefore, the petition must be dismissed.