IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD GRANADOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70197

FILED

MAY 09 2017

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder, two counts of first-degree murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Appellant raises three arguments on appeal. These arguments lack merit, and we therefore affirm.

Appellant first contends that there was insufficient evidence to support his first-degree murder convictions because the State failed to prove that he was not acting in self-defense. We review the evidence in the light most favorable to the State to determine whether sufficient evidence was presented to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also St. Pierre v. State*, 96 Nev. 887, 891, 620 P.2d 1240, 1242 (1980) ("[B]ecause self-defense is justifiable, it negates the unlawfulness element."). Here, the jury heard testimony that appellant and one of the victims had an on-going dispute and that the victims threw

17-15425

beer bottles at appellant's house early the morning of the incident and later parked in the street outside the house and shouted obscenities at appellant before driving away. The jury further heard that later that day, appellant and his companions drove around the neighborhood in separate vehicles before returning to appellant's house just before the incident, where they then stood outside and waved the victims over as the victims were driving past, and from where, as the victims' car approached, appellant and a companion fired multiple rounds at the car, killing two victims and wounding the third, and then fled the scene. No other weapons were located near the victims.

The jury could reasonably infer from this evidence that appellant was not acting in self-defense but instead actively searched for the victims and then, upon locating them and drawing them near, killed them willfully, deliberately, and with premeditation. NRS 200.030(1)(a) (murder is first-degree when "[p]erpetrated by means of . . . lying in wait or . . . by any other kind of willful, deliberate and premeditated killing"); *Pineda v. State*, 120 Nev. 204, 212, 88 P.3d 827, 833 (2004) (explaining that a homicide may be justified by self-defense only when the jury finds that the defendant reasonably believed that he was in imminent danger of being seriously injured or killed); *see McCurdy v. State*, 107 Nev. 275, 277, 809 P.2d 1265, 1265 (1991) (walking up to rival gang members with loaded gun, pointing, and pulling trigger sufficient to support first-degree murder verdict). Although appellant testified that he was scared and thought the victims had guns, it is the jury's role to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See*

*Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, appellant argues that the district court improperly overruled his objection to the lying-in-wait instruction because this theory of first-degree murder was not supported by sufficient evidence. Appellant does not argue that the instruction itself was erroneous. As noted above, the State's alternative theory of a willful, deliberate, premeditated killing was supported by substantial evidence. Thus, any abuse of discretion in allowing the lying-in-wait instruction was harmless. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reviewing a district court decision on whether to issue a jury instruction for abuse of discretion); *Holmes v. State*, 114 Nev. 1357, 1364 n.4, 972 P.2d 337, 342 n.4 (1998) (explaining that the jury need not reach unanimity with regard to alternate theories of liability, such that a general verdict is not problematic); *Nevius v. State*, 101 Nev. 238, 249, 699 P.2d 1053, 1060 (1985) (explaining that the jury can predicate its verdict on either of alternative theories of liability).

Third, appellant argues that the district court, finding the evidence conflicting, should have granted his motion for a new trial.[1] Even when the evidence conflicts, however, grounds for a new trial exist only when the district court, after independently evaluating the evidence, disagrees with the jury's verdict. NRS 176.515(4); *State v. Walker*, 109 Nev. 683, 685–86, 857 P.2d 1, 2 (1993). The district court did not so disagree here, and thus, a new trial was not required. *See State v.*

---

[1]Appellant failed to include a number of documents in his appendix, including a copy of the motion for a new trial and any response thereto.

*Busscher*, 81 Nev. 587, 589, 407 P.2d 715, 716 (1965) (noting that this court will not review the district court's resolution of conflicting factual issues). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

_____Pickering_____, J.
Pickering

cc:   Hon. Richard Scotti, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk