# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA ROY WARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77611

**FILED**

FEB 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault and conspiracy to commit sexual assault.[1] Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge. Appellant Joshua Ward argues three main contentions on appeal.

First, Ward argues that the district court erred by denying his request to have the victim psychologically evaluated. More specifically, he asserts that NRS 50.700(1), which prohibits district courts from ordering sexual assault victims to submit to a psychological examination, conflicts with his rights to a fair trial and due process under the Nevada Constitution. We review this claim for plain error because Ward withdrew his constitutional challenge before the district court ruled on it. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved errors for plain error); *see also United States v. Newman*, 6 F.3d 623, 628 (9th Cir. 1993) (reviewing for plain error where appellant withdrew his objection in the lower court). Aside from a citation to Article

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20- 04970

1, § 8 of the Nevada Constitution[2] and general references to due process, Ward does not provide relevant authority to support his argument that NRS 50.700 conflicts with the Nevada Constitution's due-process guarantee. Ward also fails to cogently explain how the denial of a psychological evaluation violates that constitutional provision. Accordingly, we decline to address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Ward also contends that the district court abused its discretion in denying his request to obtain the victim's mental health records, claiming that they were imperative to protect his right to a fair trial because, without them, the jury would not get a full picture of the victim's veracity and differing accounts of the incident. Ward further argues that the records were necessary to thoroughly cross-examine the State's expert witness, who testified that the victim exhibited behavior consistent with that of other sexual assault victims. But, Ward proffered neither argument nor evidence that the records "pertain[ed] to anything other than treatment," thus the records, if they exist, were privileged. *Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 757, 405 P.3d 668, 672 (2017) (deeming counseling records privileged and holding that no exception or waiver to the privilege applied when appellant failed to show the records pertained to anything other than treatment); *see also* NRS 49.209 (deeming records between psychologists and patients regarding diagnosis or treatment privileged);

---

[2]Article 1, § 8(2) of the Nevada Constitution contains the due process mandate and reads, "[n]o person shall be deprived of life, liberty, or property, without due process of law."

NRS 49.225 (same as to doctor/patient records); NRS 49.247 (same as to family therapist/client records); NRS 49.2504 (same as to clinical professional counselor/client records); NRS 49.252 (same as to social worker/client records). Further, criminal defendants do not have a general constitutional right to discovery, *Bradley*, 133 Nev. at 759, 405 P.3d at 673, and the district court cannot abuse its discretion by refusing to order the State to disclose documents that it does not have as Ward fails to challenge the district court's conclusion that the State did not possess any such records. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion); *see also United States v. Spitz*, 678 F.2d 878, 882 (10th Cir. 1982) (rejecting an argument that the prosecutor's failure to turn over evidence to the accused warranted reversal when the prosecutor did not possess the evidence at issue); *United States v. Burton*, 81 F. Supp. 3d 1229, 1257 (D.N.M. 2015) ("[T]he Court cannot order the United States to disclose something that it does not have.").

Second, Ward argues that the district court erred in admitting his prior statutory sexual seduction conviction. NRS 48.045(3) allows "the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense." In *Franks v. State*, 135 Nev. 1, 5-6, 432 P.3d 752, 756 (2019), this court set forth procedural safeguards to guide district courts in deciding whether to admit evidence under NRS 48.045(3). Although the district court did not have the benefit of *Franks* when it admitted the evidence at issue here, it followed procedural safeguards equivalent to those set forth in *Franks*. Ward focuses on only one of those safeguards, challenging the district court's conclusion that any danger of unfair

prejudice did not substantially outweigh the evidence's probative value. We find no abuse of discretion in the district court's assessment. In particular, the prior sexual offense was less serious than the current charge and therefore not as emotionally charged or inflammatory, the incidents were similar enough (victims' ages and location of the offenses) to be relevant to show propensity as allowed by NRS 48.045(3) and to bolster the victim's credibility, and there was not a significant time lapse between the events without any intervening alleged misconduct that would undermine the evidence's probative value. *See id.* at 6, 432 P.3d at 756 (specifying the factors to consider in weighing probative value against the danger of unfair prejudice). Accordingly, we conclude that the district court did not abuse its discretion in admitting Ward's prior sexual offense. *See Mclellan,* 124 Nev. at 267, 182 P.3d at 109.

Third, Ward claims that the district court abused its discretion in denying his motion for a new trial based on inconsistencies in the victim's accounts. *See* NRS 176.515 (permitting a district court to grant a new trial in a criminal action under certain circumstances); *Rippo v. State,* 113 Nev. 1239, 1250, 946 P.2d 1017, 1024 (1997) (reviewing a decision on a motion for a new trial for an abuse of discretion). We disagree. Although the victim gave inconsistent testimony, Ward's DNA connected him to the crime, expert testimony described the victim as behaving consistently with a sexual assault victim, and Ward's jail calls circumstantially showed that the sexual contact between he and the victim was non-consensual. *Cf. State v. Purcell,* 110 Nev. 1389, 1393, 887 P.2d 276, 278 (1994) (concluding that the district court did not abuse its discretion in granting defendant's motion for a new trial based on conflicting evidence where *only* the victim's testimony supported the sexual assault/lewdness charges and the

defendant presented credible evidence that he had no opportunity to commit the crimes, brought out multiple inconsistencies in the victim's testimony, and presented evidence of the victim's untruthfulness and motive to lie).

Having concluded that Ward's contentions do not warrant relief, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Hardesty

_____, Sr. J.
Douglas

cc: Hon. Nancy L. Porter, District Judge
Elko County Public Defender
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.