**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-17202 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-02204-RCJ |
| v. | 2:08-cr-00283-RCJ-PAL-5 |
| JACOREY TAYLOR, AKA Mo-B, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 17, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District Judge.

Jacorey Taylor seeks review of the district court's denial of his petition to

vacate his sentence under 28 U.S.C. § 2255. In 2013, a jury found Taylor guilty of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

both murder and using a firearm in the commission of a crime of violence under 18 U.S.C. § 924(c)(3), but the jury did not clarify whether the verdict was for first- or second-degree murder. Taylor moved to vacate his § 924(c)(3) conviction and sentence under *Johnson v. United States*, 576 U.S. 591 (2015), arguing that the subpart of § 924(c)(3) under which he was convicted was void for vagueness.[1] The district court denied his *Johnson* claim, holding that it was procedurally defaulted. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

"We review de novo a district court's denial of relief to a federal prisoner under 28 U.S.C. § 2255" and apply de novo review as to whether there has been a procedural default. *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc); *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003). "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *Ratigan*, 351 F.3d at 962 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

We apply the categorical approach to determine whether an offense is a crime of violence, analyzing "whether the elements of the statute of conviction meet the federal standard." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). Under the categorical approach, "the facts of a given case are irrelevant." *Id.* A crime of

---

[1] *Johnson* was a precursor to *United States v. Davis*, 139 S. Ct. 2319, 2323–27 (2019), which held that § 924(c)(3)(B) was void for vagueness. Any § 924(c)(3) conviction must now stand under § 924(c)(3)(A).

violence requires a mens rea more culpable than ordinary recklessness and must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 1821–22, 1825; § 924(c)(3)(A). "If any—even the least culpable—of the acts criminalized do not entail that kind of [physical] force, the statute of conviction does not categorically match the federal standard, and so cannot serve as" a predicate offense per § 924(c)(3)(A). *Borden*, 141 S. Ct. at 1822.

Taylor argues that his § 924(c)(3) conviction must be vacated because Nevada second-degree murder lacks the heightened mens rea and direct physical force requirements for a crime of violence under § 924(c)(3)(A). He contends that he has shown prejudice to excuse his procedural default.[2] We disagree.

1.   The mens rea required for Nevada second-degree murder meets the federal standard for a crime of violence. Under Nevada law, "[m]urder is the unlawful killing of a human being with malice aforethought, either express or implied." N.R.S. § 200.010(1) (cleaned up). "Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart." *Id.* § 200.020(2). "Depraved heart" and "'abandoned and malignant heart' both refer to the same 'essential concept . . . one of extreme recklessness regarding homicidal risk.'" *Collman v. State*, 7 P.3d 426,

---

[2] The Government does not argue that Taylor has not shown cause for his procedural default.

442, 445 n.13 (Nev. 2000) (alteration in original) (citations omitted). Indeed, to convict Taylor of murder under Nevada law, the trial judge instructed that the jury must find that Taylor acted with malice aforethought, explaining:

> The condition of mind described as malice aforethought may arise, not alone from anger, hatred, revenge or from particular ill will, spite or grudge toward the person killed, but may also result from any unjustifiable or unlawful motive or purpose to injure another, which proceeds from a heart fatally bent on mischief, or with reckless disregard of consequences and social duty.

Taylor argues that *McCurdy v. State*, 809 P.2d 1265 (Nev. 1991) shows that Nevada's second-degree "implied malice" murder does not require a defendant act with heightened recklessness or direct physical force at his victim. In that case, defendant Enoch McCurdy, a gang member, "approached the victim and his friends in order to stir up trouble. . . . During the [ensuing] turmoil, McCurdy handed [co-defendant] Warren [a] loaded and cocked gun." *McCurdy*, 809 P.2d at 1266. Warren then used the gun to shoot and kill an opposing gang member. *Id.* The Nevada Supreme Court upheld McCurdy's conviction, reasoning that "[t]he jury could have properly concluded that, from McCurdy's perspective, it should have been clear that handing the gun to Warren under these circumstances was malignantly reckless and that death or serious injury was likely to result." *Id.* at 1266–67. This reasoning contradicts Taylor's argument.

We have already determined that such malignant recklessness meets the mens rea criterion for a crime of violence. Offenses charged as murder "necessarily require

4

a mental state of malice aforethought, which, as we have explained, involves 'an intentional act that ha[s] a high probability of resulting in death.'" *United States v. Begay*, 33 F.4th 1081, 1091, 1095 (9th Cir. 2022) (alteration in original) (quoting *Pollard v. White*, 119 F.3d 1430, 1434 (9th Cir. 1997)) (finding federal second-degree murder committed with "depraved heart (i.e., reckless indifference)" is a crime of violence). Specifically, "the killing of another human being with malice aforethought requires finding that the defendant acted with *extreme indifference*, and that the indifference was *toward human life*. The elements of second-degree murder stand in stark contrast to the elements of offenses that do not require a showing of malice aforethought." *Id.* at 1094–95 (emphasis original).

Like federal second-degree murder, Nevada second-degree murder requires a defendant act with at least reckless or extreme indifference toward human life. And even though the inquiry for a crime of violence is categorical, the jury instructions in Taylor's case affirm that he would not have been convicted absent a finding that he acted with at least reckless indifference.

2.    Because Nevada second-degree murder requires a mens rea of at least extreme recklessness, it necessarily requires actual or threatened use of targeted physical force. "[A]s the First Circuit observed, a defendant who acts with extreme indifference to the value of human life can 'fairly be said to have actively employed force (i.e., "use[d]" force) "against the person of another."'" *Id.* at 1095 (alterations

in original) (quoting *United States v. Báez-Martínez*, 950 F.3d 119, 127 (1st Cir. 2020)). Because Taylor's *Johnson* claim has no merit, he suffers no prejudice from his procedural default.

**AFFIRMED.**